### RIGGS v. WILSON.

1. In a trial justice's court, in action for recovery of personal property, the defendant plead failure of consideration through misrepresentation, fraud, and duress, without a statement of the facts upon which this defence was based. *Held*, that in this inferior court a demurrer alleging that the facts stated did not constitute a defence, was properly overruled.

2. Where irrelevant testimony is received against objection, a new trial will not be granted therefor, where it could not have affected the verdict.

3. Where the transaction in question—an ox trade—grew out of a former transaction—a mule trade—and was a substitute therefor, evidence as to the mule trade was relevant.

4. Where the defence was that the money paid was full price for the ox, and that the ox was taken as the only way to get back the money paid on the mule, for which the ox was substituted, the trial justice properly refused to charge the jury that defendant could not sustain his defence of duress without offering to return the ox, or that his subsequent silence was a ratification.

5. The trial justice properly refused to charge that the facts established

neither fraud nor duress, and the verdict must be for plaintiff. These matters were for the jury.

6. Where new trial was refused by the trial justice on the facts, and his ruling was sustained by the Circuit Judge, this court cannot interfere.

Before ALDRICH, J., Clarendon, May, 1888.

This was an action by John N. Riggs against Ben Wilson and Samuel C. Williams, commenced before John S. Wilson, Esq., trial justice, in December, 1887, for the recovery of an ox. The opinion states the case.

*Messrs. Haynsworth & Dinkins*, for appellant.

*Mr. M. C. Galluchat*, contra.

February 23, 1889. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiff, appellant, brought action to recover possession of an ox named *Bob*, from the defendants, respondents. The plaintiff claimed title and the right to possession under a mortgage, executed by the defe..Jant, Wilson, with condition broken. It seems that Wilson, at some time previous to purchasing *Bob* from the plaintiff had bought a mule from plaintiff at $50—$25 in cash and the remainder on a credit. Shortly after the purchase, Wilson becoming dissatisfied with the mule, and claiming that he had been deceived in the trade, returned the mule. The plaintiff then sold Wilson the ox *Bob* at $35, retaining the $25 paid him in the mule trade, and took a mortgage on *Bob* for the remaining $10, which not being paid when due, the action below was brought before a trial justice to recover *Bob*.

Wilson and Williams, defendants, being in possession, answered, first by an original answer, stating the circumstances of the mule trade, and alleging misrepresentation and fraud therein; and then by an amended answer, stating the circumstances under which Bob went into the possession of Wilson, alleging that Bob was older than represented by plaintiff; that Wilson had to take him or nothing for the $25, and that plaintiff compelled him to sign the bill of sale or mortgage; that in "consequence of the

detention of the $25, and the duress used by the plaintiff by withholding from defendant his own goods or money, said defendants were damaged as alleged." The plaintiff demurred to this amended answer, "That it did not state facts constituting a defence."

There were two trials before the trial justice and a jury, both of which resulted in a verdict for the defendants (a new trial having been granted in the first trial). The trial justice overruled the demurrer, holding that though the answer was defective, yet there was enough therein to warrant him in sending the case to the jury. The plaintiff appealed to the Circuit Court, his honor, Judge A. P. Aldrich, presiding, who dismissed the appeal, as follows: "On motion of M. C. Galluchat, attorney for respondents, it is ordered, that the appeal in the above stated case be dismissed, with costs to respondents." The plaintiff appeals to this court upon the following exceptions:

"1. Because, it is respectfully submitted, the presiding judge erred in not sustaining the first ground of appeal to the Circuit Court, to wit: 'That the trial justice erred in overruling the demurrer to the last amended answer of the defendant, made by plaintiff, on the ground that the same did not state facts sufficient to constitute a cause of defence.'

"2. That, as it is respectfully submitted, the presiding judge erred in not sustaining the grounds of appeal to the Circuit Court, to wit: 'That the trial justice committed error in admitting, over plaintiff's objections, evidence that the property in dispute belongs to defendant Wilson's wife, when no such defence was set up in the answer.'

"3. That, as it is respectfully submitted, the presiding judge erred in not sustaining the ground of appeal to the Circuit Court, to wit: 'That the trial justice erred in refusing the request of the plaintiff to charge the jury, that in finding their verdict they are not to consider as any part of the evidence the first transaction between the parties, to wit, the mule trade.'

"4. That, as it is respectfully submitted, the presiding judge erred in not sustaining the ground of appeal to the Circuit Court, to wit: that the trial justice erred in refusing the request of the plaintiff to charge the jury, 'That in order for the defendants to

sustain the defence of duress to the contract, if they received any-
thing of value, they must show that they returned it, or at least
offered to do so; and that if Wilson sat quietly enjoying the
fruits of the contract until the ox was seized under this proceed-
ing, then by his silent conduct he has ratified the contract, al-
though in the first instance it may have been made under duress.'

"5. That, as it is respectfully submitted, the presiding judge
erred in not sustaining the grounds of appeal to the Circuit Court,
to wit: 'That the trial justice erred in refusing the request of the
plaintiff to charge the jury, that the facts proved neither estab-
lished fraud or duress, the grounds of the defence, and the ver-
dict must be for the plaintiff.'

"6. That, as it is respectfully submitted, the presiding judge
erred in not sustaining the ground of appeal to the Circuit Court,
to wit: 'That the trial justice erred in refusing the plaintiff's
motion for a new trial, when the verdict of the jury was against
the facts, the law, and a travesty of justice.' "

Exception 1st complains that plaintiff's demurrer was not sus-
tained. It must be remembered that this was an action before a
trial justice, where strict technical pleading, such as it is proper
to observe and practise in the higher courts, is not required—
where no particular form is necessary, "but must be such only
as to enable a person of common understanding to know what is
intended." *Code*, § 88. Now, the object of the action was in
substance to foreclose a mortgage which the plaintiff held on the
ox for $10. The defence was in substance, in part, a failure of
consideration on account of misrepresentation as to the age of the
ox, and fraud and duress in obtaining the mortgage. True, some-
thing more as to the alleged duress, the facts and circumstances
thereof, would have been required in a case before the Court of
Common Pleas perhaps; but in this inferior court, was there not
enough stated to enable the plaintiff to know what was intended?
We think so.

This case is different from the recent case of *Talbott & Sons* v.
*Padgett, ante* 167. Here the plaintiff's right to stand on his
mortgage is denied: 1st, because the consideration has failed;
and 2nd, it was obtained through duress and fraud, and cancel-
lation was asked. There the validity of the mortgage was not

denied.  On the contrary, it was admitted, and the defendant claimed the right of an accounting, so as to redeem, &c., denying and resisting at the same time plaintiff's effort to get possession.  There, too, defendant attempted to set up a counterclaim, arising in contract, to action for the recovery of specific chattel.

As to the 2nd exception.  It may be that the testimony offered and admitted there was irrelevant, and therefore incompetent; but we think it must have been entirely harmless.  It could have had no effect upon the jury, as the verdict shows.

3rd exception.  The trial justice was right in not ruling out the testimony in reference to the mule trade.  It was the mule trade which finally caused Bob to change hands, and the character of that transaction threw some light, more or less, upon the ox trade.

The request to charge, which is the foundation of 4th exception, even if containing a sound proposition, would not have been proper here.  The defendant's defence was, in substance, that the plaintiff in the $25, which he retained in the mule trade, had already paid himself for the ox, and therefore he had nothing to return.  Nor could the judge, under the circumstances, have charged that the holding on to the ox was a ratification of the trade.  The defendant in his answer said it was the ox or nothing for his $25.

5th.  If the trial justice had charged as requested in the 5th exception, he would have been expressly invading the province of the jury.

6th.  The matter of a new trial refused by the trial justice and sustained by the Circuit Court, involving the facts only, is not reviewable here.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.