## BIRD v. SULLIVAN.

1. MAGISTRATE—JURISDICTION— ATTACHMENT— CONSTITUTION.— Under Constitution of 1895, magistrate has jurisdiction to give judgment *in rem* against non-resident after attachment of property within jurisdiction, and when defendant appears and defends on merits, he may give judgment *in personam.*

Before BUCHANAN, J., Cherokee, October, 1899. Reversed.

Action by D. R. Bird against W. H. Sullivan, in magistrate court. From order of Circuit Court overruling magistrate judgment, plaintiff appeals.

*Mr. N. ;V. Hardin,* for appellant, cites: Con. 1895, art. V., sec. 21, sec. 23; Code, 71, sub. 4; 6 S. C., 446; 44 S. C., 266, 293; 48 S. C., 153.

*Mr. Jas. F. Hart,* contra, cites: 56 S. C., 423.

June 27, 1900. The opinion of the Court was delivered by MR. JUSTICE GARY. The following statement of facts appears in the record, to wit: "This was an action com-

menced by D. R. Bird, plaintiff, against W. H. Sullivan, defendant, on the 17th day of December, 1898, in the court of A. M. Bridges, magistrate, on money demand of $48.86, in the county of Cherokee. On the day the summons was issued, an attachment was issued and served on the South Carolina and Georgia Extension Railroad Company, within the county and State, the plaintiff alleging in his attachment affidavit that the defendant was a non-resident of the State, and that the South Carolina and Georgia Extension Railroad Company had property in the State belonging to the absent ·defendant. On the 6th day of January, 1899, the defendant, Sullivan, was served with a copy of the warrant of attachment, and the summons in the county and State, in which the day set for trial of the action was the 28th of January, 1899. On the 21st of January, 1899, the defendant gave notice of a motion to vacate the attachment on the following grounds: 1st. Because it appears from affidavit of the plaintiff that the defendant is a resident of the State of South Carolina, and no grounds are stated to sustain an attachment. 2d. Because, if not a resident of this State, and of Cherokee County, the magistrate's court in Cherokee County has no jurisdiction over the defendant, or the subject matter of the action. "

The magistrate found as a fact that the defendant was a non-resident of this State, and refused the motion, on the 25th of January, 1899. The record contains the following minutes of the trial before the magistrate on the 28th of January, 1899: "This cause came on for trial before me on the 28th day of January, 1899. Defendant appeared by his attorneys, Messrs. Hart & Hart, and denies each and every allegation of plaintiff's complaint. Plaintiff admitted that the defendant, Will Sullivan, lives in Marion, N. C. Defendant's attorneys asked that the action be dismissed because the magistrate, under the Constitution, has no jurisdiction, plaintiff having proved that defendant was a resident of Marion, N. C. Motion overruled, because I am of the opinion that magistrate had jurisdiction of non-resident

in attachment cases, and especially so in this case, as the defendant was served with the summons, &c., in this county and State. * * *"

The defendant appealed, and the Circuit Court sustained the appeal, on the ground that the magistrate did not have jurisdiction, by reason of the fact that the defendant was a non-resident of this State. The plaintiff has appealed to this Court from said ruling.

Section 71 (subdivision 4) of the Code confers upon magistrates jurisdiction in "an action commenced by attachment of property as now provided by statute, if the debt or damages claimed do not exceed one hundred dollars." One of the grounds provided by statute for issuing an attachment is that the defendant is not a resident of this State. The jurisdiction of magistrates to issue writs of attachment against the property of non-residents was not affected by the Constitution of 1895. The magistrate, therefore, had jurisdiction to render a judgment *in rem,* even if he did not have jurisdiction to render a judgment *in personam.*

The record, however, shows that the defendant appeared on the day of trial, and contested the case upon its merits, by denying each and every allegation of the complaint. This gave the magistrate jurisdiction to render a judgment *in personam. Ex parte Perry Stove Co.,* 43 S. C., 176; *Smith* v. *Walke,* 43 S. C., 381; *Rosamond* v. *Earle,* 46 S. C., 9.

It is the judgment of this Court, that the order of the Circuit Court be reversed.