## BAKER v. IRVINE.

1. APPEAL dismissed for failure to file points and authorities, reinstated on motion because failure to file points and authorities was caused by sickness.
2. MAGISTRATES—JURISDICTION—GREENVILLE Co.—THE CONSTITUTION (art. V., sec. 23,) authorizes the General Assembly to limit the territorial jurisdiction of magistrates to districts less than counties, but since the General Assembly has not so restricted the territorial jurisdiction of magistrates in Greenville County as to civil actions, a magistrate of that county has jurisdiction throughout the county of any civil action cognizable by such Court.

*Jones* v. *Brown,* 57 S. C., 14, *distinguished from this.*

Before ALDRICH, J., Greenville, November, 1900. Reversed.

Action for damages for conversion of personal property by J. A. and W. C. Baker against W. H. Irvine. From Cir-

cuit order reversing judgment of magistrate, the plaintiffs appeal.

This appeal was dismissed on motion, on April 30, 1901, for failure to file points and authorities three days before peremptory call of case. Motion properly noticed was heard on May 2, to reinstate appeal on the ground that plaintiff's attorneys were prevented from preparing, printing and filing points and authorities by sickness. Motion granted upon condition that case be argued same day at 5 o'clock, and that statement of points and authorities be given respondents at once. Argument made.

*Messrs. Blythe & Blythe,* for appellants. Oral argument.

*Messrs. Carey & McCullough* and *Shuman & Mooney,* contra, cite: 57 S. C., 14; Con., art. V., sec. 23, 21; Rev. Stat., 863; Con., art. XVII., sec. 10.

July 13, 1901. The opinion of the Court was delivered by

MR. JUSTICE POPE. On the 2d day of November, 1899, the defendant was served with the following summons:

"State of South Carolina, county of Greenville. By G. W. Nicholls, Esq. To W. H. Irvine, defendant: Complaint having been made unto me by J. A. Baker and W. C. Baker that you are indebted to them in the sum of $100 on account of damages for wrongfully taking from their possession a certain dark horse mule belonging to them jointly, seizure made October 30th, 1899. This is, therefore, to require you to appear before me in my office in Athens, S. C., on the twenty-first day from service of this summons, at 12 o'clock M., to answer to the said complaint, or judgment will be given against you by default. Dated 2d day of November, A. D. 1899. G. W. Nicholls, (seal) Magistrate. Blythe & Blythe, plaintiff's attorneys."

The cause was called for trial on 23d day of November,

1899, and on motion the trial was postponed until the 7th
day of December, 1899, on which latter day the magistrate
gave judgment against the defendant for $65.   An appeal
was duly taken from said judgment to the Court of Common
Pleas for Greenville County, and in that Court the cause was
placed on the calendar of said Court for trial at the Novem-
ber term, 1900, of said Court; whereupon at the call of said
cause in the said Court of Common Pleas the defendant
made the motion of which due notice had alredy been given,
to wit:

"You will take notice that upon the opening of the Court
of Common Pleas for the said county and State, on Friday,
November 30th, 1900, in the Court House, Greenville, S.
C., at 12 o'clock, or as soon thereafter as counsel can be
heard, we will move his Honor, the presiding Judge, for an
order vacating the judgment in the above entitled cause upon
the following grounds:

"1. That the magistrate, to wit: G. W. Nicholls, Esq.,
who rendered the said judgment, was without jurisdiction
of the person of this defendant or of the cause of action set
forth in the summons, and that said judgment is, therefore,
a nullity.   The said W. H. Irvine, at the time the said action
was commenced and judgment rendered, was and is now a
resident of Greenville township, county and State aforesaid,
and the said magistrate was not at that time a magistrate for
Greenville township, but was a magistrate for Bates and
Paris Mountain townships, and under the law then in force
he had no jurisdiction of this defendant residing outside of
his territorial limits.

"2. Because it appears that the court had no jurisdiction
of the cause of action sued on, the premises upon which the
alleged distress for rent was made being situated at that
time and now in Greenville township, and the said magis-
trate residing in Bates township, and the cause of action
sued on being for damages which the plaintiffs contend they
sustained by reason of such distress, which they allege was
unlawful.

"You will further take notice that the said motion will be heard upon the record in said case, which is now on file in the clerk's office, by reason of the appeal taken by the defendant in said cause, and the return of the magistrate for the purposes of the said appeal, and the original record sent up in consequence thereof; also, upon the affidavits which were previously served upon you in support of the previous motion given to dismiss the said appeal for want of jurisdiction; upon the affidavit of W. H. Irvine hereto attached, and such other affidavits as may in the meantime be served upon you, and the entire record and proceedings in the said cause, reference to which, for the purposes of this motion, is hereby craved.

"State of South Carolina, county of Greenville.    Personally comes W. H. Irvine, who, upon oath, says that he is the defendant in the above entitled cause; that the defendant was sued in the said case before G. W. Nicholls, Esq., magistrate, for damages, the plaintiffs alleging that the defendant wrongfully took from their possession certain property mentioned in the said complaint; that at the time the said action was instituted as well as now, this defendant was a resident of the city of Greenville, township of Greenville, county and State aforesaid; that at the time the said action was instituted and judgment rendered, the said G. W. Nicholls, Esq., the magistrate who rendered the said judgment, was a resident of Bates township, county and State aforesaid, and was magistrate for Bates and Paris Mountain townships; that the premises where the alleged unlawful seizure of their property took place, was and still is situated in Greenville township, county and State aforesaid; the alleged property seized was also situated in the said township, and the distress for rent out of which this action grew was issued as against the property located upon the said premises; that the acts out of which plaintiffs' alleged cause of action arose were all performed in Greenville township, county and State aforesaid; and this deponent alleges that plaintiffs' cause of action, if any, also arose in the said town-

ship.    Sworn to and subscribed before me, this 26th day of November, 1900.    W. H. Irvine.    J. A. McCollough, Notary Public S. C."

When the matter of jurisdiction came on to be heard before his Honor, Judge Aldrich, he passed the following judgment:

"The defendant in the above case having moved to vacate the judgment in the case herein mentioned upon the grounds stated in the above notice of motion; and after hearing affidavit of W. H. Irvine in support of said motion, which affidavit was not controverted on the hearing before me, and after argument of counsel, I find as matter of fact:

"I.    That the magistrate who rendered the judgments in the aforesaid cases did not reside in nor was he a magistrate for Greenville township.

"2.    That the defendant therein, W. H. Irvine, was a resident of Greenville township, and the causes of action sued on also arose in that township.

"I conclude as a matter of law, therefore, that said magistrate was without jurisdiction to render the said judgments, and the same are, therefore, null and void, and I so adjudge. The summons and complaint in each of the said cases are hereby dismissed and the judgment vacated.    By consent of counsel, the motions in each of the aforesaid cases were heard by consent together."

The plaintiffs then appealed on the following grounds:

"I.    Because the Circuit Judge erred in holding that because the magistrate who rendered the judgments in these cases did not reside in and was not a magistrate for Greenville township, and because the defendant, W. H. Irvine, was a resident of Greenville township, and the cause of action sued on also arose in said township, that, therefore, the said magistrate was without jurisdiction to render said judgments, and the same are, therefore, null and void.

"2.    Because sec. 23, art. V., of the Constitution of 1895, gives magistrates jurisdiction throughout their respective counties in civil cases, such as are now before the Court, and

this provision being inconsistent with the said sec. 863, Revised Statutes, said section is no longer of force, although it has never been repealed, and the Circuit Judge erred, therefore, in vacating the judgments rendered in these cases, and dismissing the actions."

It seems to us that the two grounds of appeal raise but a single question, viz: Whether by the terms of the Constitution adopted in the year 1895, there is either a limitation upon the jurisdiction of magistrates, or a power conferred upon the General Assembly of the State to confine the jurisdiction of magistrates to certain defined territorial limits; for if either of these is true, and that power has been exercised, then clearly a magistrate appointed for Bates and Paris Mountain townships, in Greenville County, would have no jurisdiction to try a defendant who did not reside in either one of such townships, but who actually resided in the township within which the city of Greenville is located. Let us see, therefore, if the Constitution by its own terms confined magistrates within the limits of the township or townships for which they were appointed. Sec. 21, of art. V., of the Constitution provides as follows: "Magistrates shall have jurisdiction in such civil cases as the General Assembly may prescribe: *Provided,* Such jurisdiction shall not extend to cases when the value of property in controversy, or the amount claimed, exceeds one hundred dollars, or to cases where the title to real estate is in question, or to cases in chancery * * *" The only limitation upon the jurisdiction of magistrates here pointed out, after laying down the cases cognizable by them, is the declaration that "Magistrates shall have jurisdiction in such *civil cases* as the General Assembly may prescribe" (italics ours). Section 23, of the same article (V.), of the Constitution of 1895, provides: "Every civil action cognizable by magistrates shall be brought before a magistrate in the county where the defendant resides" * * * The Constitution was in this section laying down the requirement that no defendant should in a civil case be required to appear in such action except in

the county of his residence, to the end that a magistrate of
any other county in this State than that of the defendant's
residence, should not exercise any power to try the case
against such defendant. We do not think that the language
in this section last quoted was intended to give magistrates
appointed for a particular county in this State jurisdiction to
hear civil cases against a defendant in utter disregard of any
division by the General Assembly of the territory of a county
into certain well defined territorial limits. We do not find,
however, any positive recognition of such territorial divi-
sions of a county, so far as the jurisdiction of the magis-
trates are concerned, but we do find that power is vested in
the General Assembly to do so. Wherever there is a grant
of power to the General Assembly to do certain acts by the
Constitution itself, the exercise of such power by the Gene-
ray Assembly is legitimate. We find by sec. 863 of the
Revised Statutes of this State: "* * * In Greenville
County there shall be seventeen (afterwards reduced to ten)
trial justices, one to each township thereof, except the town-
ship of Greenville, and it shall have two. Each of said trial
justices shall have jurisdiction of all matters properly tria-
ble in courts of trial justices for the township in which they
reside." There is a wide distinction between the cause at
bar and the case of *Jones* v. *Brown,* 57 S. C., 14, for in the
instance of Beaufort County, in sec. 860 of the Revised Stat-
utes, it was expressly provided that as to civil actions before
trial justices for Beaufort County, "All civil actions must
be tried in the township *where the defendant resides."*
There is no such provision in sec. 863 of General Statutes or
in any general or special statute in this State, that all civil
actions must be tried in the township where the defendant
resides, as to Greenville County. Trial justices for Green-
ville County are given all the power of other trial justices in
civil actions, unless the words, "for the township in which
they (magistrates) reside," can be construed to mean that
defendants must reside in such township. We cannot do
this, for sec. 23, of art. V., of the Constitution of 1895, fixing

the jurisdiction for magistrates, provides: "Every civil action cognizable by magistrates shall be brought before a magistrate in the county where the defendant resides;" and as we have seen that by sec. 21, of art. V., the General Assembly was given the power to "prescribe" the jurisdiction in civil cases to be exercised by magistrates, and this power the General Assembly has not exercised as to Greenville County, no such law exists.    The Circuit Judge was in error, therefore, in denying jurisdiction to try the cause to the magistrate of Bates and Paris Mountain townships of Greenville County.    Inasmuch, however, as the question of jurisdiction operated as a stay upon the trial of the grounds of appeal of the defendant, we will send the cause back to the Court of Common Pleas for Greenville County, with direction to pass upon the said grounds of appeal presented by the defendant.

It is, therefore, the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the cause be remanded to the Circuit Court to hear and determine the questions presented by the defendant on his appeal from the judgment of the magistrate.