BAKER v. IRVINE (3 Cases).

1. "Case."—This Court has the power to require appellant to make the "Case" conform to the order of the Circuit Judge settling it, but it cannot say what a "Case" must contain; but when it is of opinion that the "Case" should contain other facts, it will remand the "Case" for further settlement.

2. Magistrate Court—Jurisdiction.—A civil action is triable in the magistrate court for the county in which the defendant resides, and not where the cause of action arose.

3. Waiver—Demurrer—Magistrate Court.—Where a defendant appears in magistrate court, answers and puts in issue the merits, he waives his right to demur to the summons and complaint because it does not allege that defendant is a resident of the magistrate's venue. *Dill* v. *Durham,* 56 S. C., 423, *distinguished from this.*

4. Discretion.—The Magistrate did not abuse his discretion in refusing (1) motion of continuance; or (2) in refusing a new trial; (a) because the evidence failed to support the verdict; (b) because three cases were heard together, when the record shows that the evidence was taken in each case separately and separate judgments entered; and (c) because judgments were taken against defendant by his excusable default or neglect.

Before Klugh, J., Greenville, August, 1901. Reversed.

Three actions—J. A. and W. C. Baker, J. A. Baker, W. C. Baker—against W. M. Irvine.

From Circuit order reversing magistrate judgments, plaintiffs appeal.

*Messrs. Blythe & Blythe,* for appellants, cite: *Not necessary to allege residence of defendant in summons and complaint in magistrate court:* 58 S. C., 51; 47 S. C., 358; 56 S. C., 554. *Appearance of defendant waives any jurisdictional defect of person:* 1 Ency. P. & P., 649; 28 S. C., 122; 46 S. C., 9; 58 S. C., 50; 47 S. C., 262. *Jurisdictional question raised here is res judicata:* 61 S. C., 114; 17 S. C., 42; 49 S. C., 512; 52 S. C., 35; 6 Rich. Eq., 20. *Matters of discretion and findings of fact by magistrate concurred in by Circuit Judge are not reviewable here:* 55 S. C., 309; 59 S. C., 277, 488.

*Messrs. Carey & McCullough,* contra, cite: *Summons must allege the action brought in county where defendant resides:* Con., art. V., sec. 23; 28 S. C., 121; 13 S. C., 201; 17 S. C., 75; 56 S. C., 423; 26 S. C., 212. *This Court will reverse a discretionary act by Circuit Judge if there is abuse of discretion:* 50 S. C., 405. *Withdrawal of appearance takes with it withdrawal of pleadings and consents:* 6 Ency. P. & P., 72; 110 Ind., 532; 72 Ind., 34.

*Mr. B. M. Shuman,* also contra, cites: *All facts necessary to give an inferior court jurisdiction must appear on the face of the proceedings:* 28 S. C., 119. *Ordinarily jurisdiction of the person is obtained by personal service within the State or voluntary appearance:* 17 Ency., 2 ed., 1064; 43 S. C., 176, 381; 46 S. C., 9. *But this rule does not apply to a Court whose jurisdiction of the person is limited to persons residing within a specified territory:* 56 S. C., 423; 21 La. Ann., 258; 17 Ency., 2 ed., 1064; 1 Black on Judgt., sec. 217; 5 Ga., 527. *The right to sue a party in magistrate court is limited to the county in which defendant re-*

*sides:* Con., art. V., sec. 23; 1 Black on Judgt., sec. 217. *Jurisdiction cannot be conferred by consent:* 17 Ency., 2 ed., 1041, 1060; 50 Am. Dec., 750; 58 Am. Rep., 375.

*Mr. Adam C. Welborn,* also contra, cites: *Jurisdiction of magistrate court is never presumed:* 17 Ency., 2 ed., 1082, 1083, 1084; 2 Bail., 267; 28 S. C., 386. *Under facts here it is abuse of discretion in magistrate not to grant continuance:* 50 S. C., 405. *Error for magistrate to require defendant to state a portion of his defense more particularly, as it was not subject to demurrer:* Code, 88, sub. 6., 19 S. C., 143.

January 20, 1902. The opinion of the Court was delivered by

MR. JUSTICE GARY. Before proceeding to consider the exceptions, there is a preliminary question to be determined. The appellants, after notice, made a motion for an order amending the "Case" in the following particulars:

"I. By striking out of the said 'Case' all after the word 'respondents' on page 18, folio 72, down to and including the word 'attached,' on page 20, folio 78, upon the ground that the same was inserted in the said 'Case' by mistake and without authority, the same having been disallowed by the order of the Circuit Judge settling the 'Case.'

"II. By inserting in said 'Case,' on page 14, folio 56, after the word 'County' and before the words 'those appeals,' the following:" (Then follows substantially a statement of the facts set out in these cases, when they were heard on former appeals to this Court, and which are reported in 61 S. C., 114-124.)

We will consider the grounds of the motion in regular order, and first determine whether that part of the record which, it is alleged, was inserted by mistake and contrary to the order of the Circuit Judge settling the cases, should be struck out. The respondent's tenth proposed amendment to the "Case" was as follows: "Add the fol-

lowing to your proposed case: On the 30th of August, 1901, the plaintiff's attorneys accepted service of the following notice (here insert defendant's notice of intention to appeal to sustain judgment). Thereafter, on September 25th, 1901, plaintiff's attorneys accepted service of the following (here insert defendant's exceptions and additional grounds)." In his order settling the case, his Honor, the Circuit Judge, says: "That all the tenth amendment be disallowed except so much thereof as proposes to add to the proposed case, the service of the notice of motion to sustain the judgment of the Circuit Court upon additional grounds, together with the additional grounds numbered (1) (2) (3) and (4), as set out on page 3 of the defendant's 'exceptions,' and that so much thereof be and the same hereby is allowed." That part of the "Case" which the plaintiffs move to strike out is not found on page 3 of the defendant's 'exceptions,' and, therefore, was not properly inserted in the record, and should be struck out.

We will next consider whether the statement of the facts set out in the second ground of the motion should be inserted in the "Case." The Court unquestionably has the power to require conformity to the order of the Circuit Court settling a case for appeal to the Supreme Court, and likewise has the power to remand the case to the Circuit Court, for further settlement, when, in its opinion, the ends of justice require such action; but it has not the power, independently of the order of the Circuit Court, to say what the "Case" shall contain. If, therefore, this Court was of the opinion that the said facts should be incorporated in the "Case," it would refer the matter to the Circuit Court for further settlement. The views, however, hereinafter expressed, render such order unnecessary.

We now come to a consideration of the appellant's exceptions. The facts are thus stated in the magistrate's report of the trials: "The summons in each of the above stated cases was issued by me on the 2d day of November, 1899, and was personally served on the defendant on the same day. On

the day specified in the said summons, to wit: on the 23d day
of November, 1899, plaintiffs and their attorneys appeared
before me and announced themselves ready for trial.    Be-
fore the cases were called for trial, J. A. McCollough, Esq.,
of the city of Greenville, Greenville County, S. C., called me
to the telephone near my office at Athens, Greenville County,
S. C., and stated to me that he was employed by the defend-
ant to represent him in these cases, but that he was engaged
in a case in the Court of Common Pleas at Greenville and
could not come on that day.    He further stated that he de-
sired to put in a general denial in each case.    When the
cases were called for trial, I stated to plaintiff's attorneys the
message I had received from Mr. McCollough, and asked
them if they were willing for the cases to be continued.
They refused to consent to a continuance, and demanded
that they be allowed to introduce their testimony and take
judgment in each case.    I declined to do this, and continued
the case until the 7th December, 1899, and gave notice of
the time so fixed to the defendant.    On that day the cases
were again called, and by consent of counsel were all taken up
together.    Messrs. Blythe & Blythe appeared for the plain-
tiffs and Messrs. J. A. Mooney and W. G. Sirrine appeared
for the defendant.    Plaintiffs again claimed their right to
prove their claims in each case and take judgment as by de-
fault upon the ground that no answer had been made by the
defendant in any of the cases within the time allowed by law.
I overruled this motion, and plaintiffs excepted.    Defend-
ant's attorneys then moved that the plaintiffs be required to
amend their complaints in certain particulars upon the
grounds taken down by me at the trial; this motion was also
overruled, and defendant again excepted.    Defendant then
demurred to the complaints upon the grounds taken down
by me at the time; the demurrers were also overruled and
defendant again excepted.    Defendant then answered orally
in each of the cases, and the answers were taken down by me
in writing and are reported herewith.    Before the answers
were put in, plaintiffs objected upon the ground that the time

in which any answer could be put in had long since expired. This objection was overruled and exceptions were noted. Plaintiffs then asked that the defendants be required to make his answers more specific in certain particulars taken down by me at the time and herewith reported. This motion was granted, but defendant refused to comply, and his attorneys, Messrs. Mooney & Sirrine, withdrew from the Court. Plaintiffs then went forward, introduced their witnesses, proved their claims in each case, and I rendered judgment as follows in each case:

"1st. In the case of J. A. Baker and W. C. Baker *v.* W. H. Irvine, in the sum of sixty-five ($65) dollars.

"2d. In the case of J. A. Baker *v.* W. H. Irvine, in the sum of one hundred ($100) dollars.

"3d. In the case of W. C. Baker *v.* W. H. Irvine, in the sum of one hundred ($100) dollars.

"All the testimony and proceedings in the above stated cases, as taken down by me at the trial thereof, together with the summonses, exhibits and judgments therein, are herewith returned as part of the report. G. W. Nicoll, Magistrate."

The defendant appealed to the Circuit Court, and the Circuit Judge reversed the judgment in each of said cases. The plaintiffs appealed from said order upon exceptions which it will not be necessary to consider in detail, as the only questions properly arising under them are whether there was error on the part of the Circuit Judge in ruling that the magistrate erred in refusing to order plaintiffs to allege the venue, to wit: the county in which the cause of action arose, and in further ruling that the magistrate erred in overruling defendant's demurrer, inasmuch as it was not shown in the summons and complaint, that the defendant was a resident of Greenville County, and that was necessary to give the magistrate jurisdiction.

We will first consider whether there was error in ruling that the magistrate erred in refusing to compel plaintiffs to allege the venue, to wit: the county in which the cause of

action arose. Sec. 23, art. V., of the Constitution provides that "every civil action cognizable by magistrates shall be brought before a magistrate in the county where the defendant resides." A requirement that the action should be brought before a magistrate in the county where the cause of action arose would be in conflict with this provision. This ruling of the Circuit Judge was, therefore, erroneous.

We will next consider whether there was error in the ruling that the magistrate erred in overruling defendant's demurrer, inasmuch as it was not shown, in the summons and complaint, that the defendant was a resident of Greenville County, and that this was necessary to give the magistrate jurisdiction. The record shows that the defendant appeared, answered the complaint and put in issue the merits of the cases. He thereby waived the right to interpose the objection that the magistrate did not acquire jurisdiction of his person. *Bird* v. *Sullivan,* 58 S. C., 50; *Burkhalter* v. *Jones,* 58 S. C., 89. The respondent relied upon the case of *Dill* v. *Durham,* 56 S. C., 423; but in that case the Court did not consider the effect of an appearance and answer by the defendant involving the merits. This ruling of the Circuit Judge was likewise erroneous.

The respondent gave notice of the following additional grounds upon which he asked that the order of the Circuit Judge be sustained, to wit: "(1) The magistrate abused his discretion in not granting defendant's motion for a continuance of the said cases upon the showing submitted to him. (2) The testimony in the case failed to support the verdict. (3) The magistrate had no right to consolidate and try the three cases together, the withdrawal by defendant's counsel from the cases operating as a withdrawal of any agreement that they entered into with reference to the hearing of the said cases together. (4) In not granting a new trial upon the additional ground that the judgments appealed from were taken against the defendant because of his default or excusable neglect in not appearing

at the trial in person or by his attorney, Jos. A. McCullough, and that their absence was satisfactorily accounted for; and it further appeared that the defendant had a valid defense to said action. And in this connection he erred in not considering the affidavits offered in support of this ground of appeal."

The first ground cannot be sustained, as this Court does not think the magistrate abused his discretion in refusing the motion for a continuance.

The second ground cannot be sustained, as the record shows that there was testimony tending to sustain the allegations of the complaints.

The third ground is untenable, as the record shows that the witnesses were examined in each case and separate judgments were rendered in each case.

The fourth ground involves a question that is not ordinarily the subject of appeal, and in view of all the facts and circumstances this Court does not think there was an abuse of discretion.

It is the judgment of this Court, that the order of the Circuit Court be reversed, and that the cases be remanded to the Circuit Court with instructions to dismiss the appeals and affirm the magistrate's judgments.