### GARRETT v. HERRING FURNITURE CO.

JURISDICTION—WAIVER.—Where a defendant appears to object that Court has no jurisdiction of his person, but after failing to get a ruling thereon, remains, answers and goes to trial, he waives the objection as to jurisdiction.

Before DANTZLER, J., Greenville, February, 1904.  Affirmed.

Action by J. W. Garrett against Herring Furniture Co. From order of Circuit Court sustaining judgment of magistrate, defendant appeals.

*Messrs. McCullough & McSwain,* for appellant, cite: 1 Ency. P. & P., 3; 2 Id., 624, 625, 628, 629, 631, 394, 645; 98 U. S., 476; 146 U. S., 202.

*Messrs. Blythe & Blythe,* contra, cite: 24 S. C., 398; 43 S. C., 186, 384; 46 S. C., 11; 58 S. C., 50; 62 S. C., 299, 544.

June 22, 1904.  The opinion of the Court was delivered by

MR. JUSTICE GARY.  The question raised by the exceptions is whether the defendant, by answering to the merits, waived the right to insist upon the objection that the magistrate did not acquire jurisdiction of his person.

The facts of the case are thus succinctly set out in the argument of the appellant's attorneys: "The defendant resided in the county of Spartanburg.  He was sued in the magistrate's court in the county of Greenville.  He appeared, first, for the purpose of pleading to the jurisdiction of the court only, and sought to tender testimony to sustain this plea and obtain the ruling of the Court thereon.  This was refused him.  In order to prevent judgment by default and specially reserving his right to object to the jurisdiction

and subject to such plea, he answered to the merits. Judgment went against him in the sum of $60. He appealed to the Circuit Court, principally, upon the ground that the court below erred in not considering his plea to the jurisdiction at the time it was tendered. The Circuit Judge dismissed the appeal upon the ground that the defendant should have appeared solely for the purpose of objecting to the jurisdiction, and that when he thereafter answered and went to trial upon the merits, he thereby waived such jurisdictional objection. From this order the defendant appeals."

Among other authorities, the appellant's attorneys rely upon 2 Enc. Pl. & Pr., 629-630, in which the rule is stated as follows: "Where a special appearance is made in order to object to illegality in the service of process or to urge any objection for which a special appearance is appropriate, such special appearance is not waived and converted into a general one by answering to the merits after the objections are erroneously overruled. It is only where the defendant pleads in the first instance to the merits, without any special appearance, that objections to personal jurisdiction are waived."

Also, upon 3. Cyc. of Law & Proc., 525-6, where the rule is thus stated: "In many jurisdictions the rule is well settled, that where a defendant appears specially, any error of the court in deciding adversely to him is waived by a subsequent general appearance; though in many others, and by what seems the sounder reasoning, it is held that a defendant does not lose the benefit of his attack on the jurisdiction by thereafter answering and pleading to the merits, provided he obtain a ruling in relation to the objection to jurisdiction and save exceptions to such ruling."

In 2 Enc. of Pl. & Pr., 631, it is also said: "There is quite a respectable array of authorities which hold that when a defendant appears and objects to jurisdiction, and his objection is overruled, he must then elect either to stand upon his objections or to go into the merits. Going into the merits waives his exception."

In 3 Cyc. of Law & Proc., 528, the doctrine is likewise announced, that "a special appearance ·necessarily precludes the party entering it from obtaining any decision on the merits of the controversy."

It will be observed that the authorities elsewhere are not in accord. The rule, however, is so well settled in this State against the appellant's contention, that we deem it only necessary to refer to some of the recent decisions upon · this question. *Rosamond* v. *Earle,* 46 S. C., 9, 24 S. E., 44; *Ex parte Perry Stove Co.,* 43 S. C., 186, 20 S. E., 980; *Smith* v. *Walke,* 43 S. C., 381, 21 S. E., 249; *Bird* v. *Sullivan,* 58 S. C., 50, 36 S. E., 494; *Baker* v. *Irvine,* 62 S. C., 299, 40 S. E., 672.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.