HALL AND PEARSALL v. SULLIVAN.

PRESTON AND STAUFFER v. SULLIVAN.

MAGISTRATE COURT—JURISDICTION.—That a defendant in a civil case in magistrate court is a resident of the county of the magistrate, must appear affirmatively on the record.

Before KLUGH, J., Greenville, April, 1904.   Reversed.

Two actions: (1) Hall and Pearsall against J. W. Sullivan; (2) Preston and Stauffer against same.   From Circuit order setting aside judgment of magistrate, plaintiffs appeal.   In one case the affidavit proving the account sued on states the account is due "by J. W. Sullivan, of Worthen, S. C.," and in the other in the proof of service it appears that the summons and complaint were served on the defendant by leaving a copy with him "at his residence, in Dunklin Township, Greenville County."

*Mr. Wm. G. Sirrine,* for appellants, cites: 62 S. C., 293; 59 S. C., 256; Code Proc., 88, sub. 5, 9; 51 S. C., 344; Code Proc., 149; 71 sub., 12; 5 Rich. L., 330; 4 McC., 79; 12 Ency. P. & P., 191; 20 Ibid., 1187; 6 Ency. P. & P., 122; 58 S. C., 89; 30 S. E., 751; 3 Hill, 237.

*Messrs. McCullough & McSwain,* contra, cite: Con., art. V., sec. 23; 12 Ency. P. & P., 842; 11 Ency. P. & P., 842; 26 S. C., 212; 28 S. C., 121; 13 S. C., 201; 17 S. C., 75; 59 S. C., 256.

February 4, 1905. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The above entitled actions came up for consideration by Circuit Judge Klugh, at the spring term (1904) of the Court of Common Pleas of Greenville County, in this State, upon a motion by the defendant in each action to set aside and amend the judgment in each case, rendered by L. K. Clyde, Esq., as a magistrate in and for Greenville County, in said State, against the defendant, J. W. Sullivan, because it was alleged that said judgments, each for itself, was based upon a summons which failed "to allege that the defendant resides in the same county with the magistrate—such fact being essential to the jurisdiction of the (magistrate) court, and, therefore, should affirmatively appear in the summons." After argument, the said Circuit Judge held that "The magistrate court being of inferior jurisdiction, all jurisdictional facts must appear affirmatively in the summons, or the court is without jurisdiction to render a valid judgment in the cause;" hence, on the failure of said summons to so allege, he held such judgment, in each case, null and void. The judgments were transcripted to the Circuit Court. From this judgment, in each of said causes, an appeal was taken to this Court.

We will proceed to notice the question of jurisdiction here raised. Unquestionably, section 23, of article V., of our

State Constitution, does provide: "Every civil action cognizable by magistrates shall be brought before a magistrate in the county where the defendant resides * * * and inasmuch as the court of a magistrate is an inferior court, its jurisdiction must be established affirmatively by the record of that court.  It is admitted here that the record shows that the magistrate had jurisdiction of the subject matter, but it is claimed differently as to defendant's person.  We think the record here shows that the magistrate had jurisdiction of the person of the defendant, for these reasons, viz: subdivision 5, of section 88, of our Code of Civil Procedure, states: "Pleadings are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended." *Dillard* v. *Samuels,* 25 S. E. Rep., 318; *Riggs* v. *Wilson,* 30 S. C., 172, 8 S. E., 848.  Now, here, in one of the cases, the defendant is located at *Worthen, S. C.,* which is in Greenville County, S. C., and in the other, his residence is fixed in *Dunklin Township, in Greenville County, S. C.*  The location of the defendant, J. W. Sullivan, is thus fixed in Greenville County, S. C.  It is true, this is made to appear in the record of these cases, and not in the summons, but we hold that is sufficient in determining the question of *jurisdiction* in a *magistrate* court, under our statute already cited.  Even in the case of *Cave* v. *Dill,* 59 S. C., 259, it was held by this Court, in referring to exhibits attached to a complaint, that "The complaint when considered apart from the exhibits is indefinite and uncertain; but, as we have said, this does not render it subject to a demurrer. This defect, however, is cured when the complaint is construed in connection with the exhibit."

We think, therefore, that the Circuit Judge erred in granting each order he made annulling the judgment of Magistrate Clyde.

. It is the judgment of this Court, that each order of the Circuit Judge annulling the judgment of the magistrate be reversed.