NIXON & DANFORTH v. PIEDMONT MUTUAL INSURANCE CO.

CORPORATIONS—JURISDICTION—WAIVER—VENUE.—A domestic insurance corporation cannot be sued in a county in which it has issued a policy unless it has an agent in such county.   This jurisdiction of the Court is of the subject matter, and right to change of venue is not waived by answer to the merits.

*Baker* v. *Irvine,* 62 S. C., 283, and *Garrett* v. *Herring Co.,* 69 S. C., 278, distinguished from this case.   Are these cases overruled?

Before PRINCE, J., Colleton, December, 1905.    Affirmed.

Action by Nixon and Danforth against Piedmont Mutual Insurance Co.  From order changing venue, plaintiff appeals.

*Messrs. E. F. Warren* and *J. G. Padgett,* for appellant, *Mr. Warren* cites: *As to jurisdiction of person:* 46 S. C., 11; 53 S. C., 441.  *As to waiver:* 51 S. C., 171.  *As to jurisdiction of Court:* Elliott on Ap. Pr., sec. 498.  *As to domestic corporations:* 47 S. C., 387; 15 Ill., 437; 17 Ga., 323; 51 Mo., 308; 2 Rich., 512; 1 Strob., 70.

*Messrs. Carlisle & Carlisle,* contra, cite: *McGrath* v. *Piedmont Ins. Co., ante* 69

June 30, 1906.  The opinion of the Court was delivered by

MR. JUSTICE JONES.  This action was commenced in Colleton County in May, 1905, and is upon an insurance policy issued by defendant to W. H. Nixon upon a stock of merchandise in said county which was destroyed by fire in December, 1904, the policy being assigned to plaintiffs after the fire.  The defendant, a domestic corporation, appeared and answered to the merits.

A motion on notice and affidavit was made by defendant at November Term, 1905, of the Court for Colleton, before Judge Prince, to transfer the case for trial to Spartanburg County.  It appears by the affidavit submitted, which was not controverted by plaintiff, that at the commencement of the action, and now, the principal and only office for business of defendant company was, and is, in Spartanburg County, and that it had and has no agent or place of business in Colleton County.  Judge Prince thereupon granted the motion and plaintiffs appeal.

This action falls within the class of actions which under section 146 of the Code of Procedure, "shall be tried" in the

county where the defendant resides. In the recent case of *McGrath* v. *Piedmont Mutual Insurance Co.,* ante 69, this Court held that the Court of Common Pleas of Abbeville County had jurisdiction to try a similar action against the same defendant, because of the fact that defendant had an agent in that county upon whom service was made. The rule as stated in that case, after review of the authorities, is that a domestic corporation resides in any county where it maintains an agent and transacts its corporate business. But in the present instance defendant had no agent in Colleton County, and, therefore, Colleton was not the proper county for the trial of the case, and defendant had the right to have the case removed to the county of Spartanburg, where it had residence. Section 147 of the Code expressly authorizes a change of the place of trial when the county designated for that purpose in the complaint is not the proper county. The order of the Circuit Court is also supported by the following cases: *Blakely & Copeland* v. *Frazier,* 11 S. C., 122; *Steele* v. *Exum,* 22 S. C., 278; *Bacot* v. *Lowndes,* 24 S. C., 392; *Ware* v. *Henderson,* 25 S. C., 387; *Bell* v. *Fludd,* 28 S. C., 313, 5 S. E., 810.

This would seem to be conclusive for affirmance of the order, but appellants urge that respondent by appearance and answering to the merits has waived its right to change of venue. This contention rests upon the theory that the question relates to jurisdiction of the person, and not to jurisdiction of the subject matter. The case of *McGrath* v. *Piedmont Insurance Co., supra,* following *Ware* v. *Henderson* and *Bell* v. *Fludd, supra,* holds that the question relates to jurisdiction of the subject matter, the power of the Court to hear and determine the cause, and that appearance and answer cannot constitute a waiver, since jurisdiction of the subject matter cannot be conferred by consent of the parties. The cases last above cited, and *State* v. *Penny,* 19 S. C., 218, show that a question as to jurisdiction of the subject matter may be raised for the first time in the Supreme Court. Jurisdiction of the person is acquired by service of process

or by general appearance, which is a waiver of all irregularities in the service of process or even the absence of process. Hence the numerous cases holding that appearance and answer is a waiver of jurisdiction of the person, as in *Rosamond* v. *Earle*, 46 S. C., 9, 24 S. E., 84, where there was a jurisdictional defect in the summons; in *Allen* v. *Cooley*, 53 S. C., 441, 30 S. E., 77, where there was an alleged want of service; in *Chafee* v. *Postal Tel. Co.*, 35 S. C., 372, 14 S. E., 764, where the answering defendant was a foreign corporation; in *Ex parte Perry Stove Company*, 43 S. C., 185, 20 S. E., 980; *Smith* v. *Walke*, 43 S. C., 381, 21 S. E., 249; *Bird* v. *Sullivan*, 58 S. C., 50, 36 S. E., 494, where the appearing defendants were non-residents, are in harmony with the rule stated in *Ware* v. *Henderson*.

There are two cases—*Baker* v. *Irvine*, 62 S. C., 293, 40 S. E., 672; *Garrett* v. *Herring Co.*, 69 S. C., 278, 48 S. E., 254—which may be supposed to support the view that one by answering to the merits waives objection to jurisdiction which depends upon the residence of the defendant. If this be the meaning of these cases, then they are in direct conflict with the rule stated in *Ware* v. *Henderson*, and the latter case of *McGrath* v. *Piedmont Insurance Co.*, *supra*, which reaffirms the doctrine of *Ware* v. *Henderson*. If there be irreconcilable conflict among these cas.., we are of the opinion that the true rule is stated in *Ware* v. *Henderson*.

Jurisdiction of the subject matter of a suit exists when the Court has the right to proceed and determine the controversy or question in issue between the parties and to grant the relief prayed. *Hope* v. *Blair*, 24 Am. St. Rep., 366. The question is not whether a Court of Common Pleas has jurisdiction to try an action on an insurance policy but whether the Court of Common Pleas for Colleton County has jurisdiction to try such an action when the defendant resides in Spartanburg County. The statute which commands that a particular action must be tried in a designated county, is a territorial limitation of the Court's jurisdiction.

It has reference to the power of the Court in one county to try a controversy against a resident of another county, and has no reference to the manner in which jurisdiction over the person may be acquired. It is true, that under the law as it stood previous to the amendatory statute of December 18, 1879, the Court regarded the provisions as to suits in particular counties to be for the benefit of the parties, a regulation of practice, matters which could be waived. *Lebeschultz* v. *McGrath*, 9 S. C., 276; *Parker & Co.* v. *Grimes & Co.*, 9 S. C., 284; *Trapier* v. *Waldo*, 16 S. C., 284. This conclusion, however, was due to the express provision of section 149 of the Code as it stood previous to the act of 1879, in these words: "If the county designated for that purpose in the complaint be not the proper county, the action may, notwithstanding, be tried there unless the defendant, before the time for answering expire, demand in writing that the trial be had in the proper county, and the place of trial be, therefore, changed by consent of parties or by the order of the Court, as is provided in this section." But since these words have been stricken out by the act of 1879, there is no foundation for holding that answering to the merits is a waiver of the objection to the jurisdiction.

The point decided in *Baker* v. *Irvine, supra,* was that the magistrate was correct in overruling defendant's demurrer that the summons and complaint in the magistrate court in Greenville County did not show that the defendant was a resident of Greenville County, and this point was correctly decided, for two reasons: first, the defendant, as a matter of fact, was a resident of Greenville County, and the magistrate had jurisdiction, as shown by record in former appeal in the same case—*Baker* v. *Irvine,* 61 S. C., 115, 39 S. E., 252; second, under the case of *Hall* v. *Sullivan,* 70 S. C., 398, 50 S. E., 27, it is not essential to the magistrate's jurisdiction that it appear in the summons and complaint that the defendant resides in the county of the magistrate, but it is sufficient if such fact appear anywhere in the "record" of the case. In the case of *Garrett* v. *Herring Co., supra,*

the Court did not have its attention directed to the rule in *Ware* v. *Henderson*, and assumed that the question was one relating to the jurisdiction of the person, as was done in the exception.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE GARY *dissents.*