15495

KENNEDY v. EMPIRE STATE UNDERWRITERS OF WATER-
TOWN, N. Y.

BLAND v. SAME

(24 S. E. (2d), 78)

September,
1942.

*Mr. M M. Weinberg,* of Sumter, Counsel for Appellant,

*Mr. Marion Moise* and *Mr. Raymon Schwartz,* both of Sumter, Counsel for Respondent,

January 25, 1943.

The Opinion of the Court was delivered by Circuit Judge E. H. HENDERSON, ACTING ASSOCIATE JUSTICE:

The plaintiff, James Kennedy, bought an automobile from H. C. Bland, doing business as H. C. Bland Motor Company, and gave him a purchase-money mortgage. An insurance policy was written by the defendant, Empire State Underwriters, in favor of Kennedy and the Motor Company, as their interests may appear, insuring them against loss or damage to the automobile caused by collision. On January 27, 1942, the automobile was damaged by collision to the extent of $237.00, and a suit for that amount was brought against the insurer by the Bland Motor Company, in the Court of Magistrate for Sumter County. A few weeks later the plaintiff Kennedy instituted an action on the same policy and in the same court against the insurance company for $237.00. The answer in the Motor Company suit contains the same four defenses as in the Kennedy suit,

and in addition has two other defenses which concern that plaintiff only.

The plaintiff, James Kennedy, served notice upon the ▌insurance company and upon the Bland Motor Company that he would apply to the magistrate for an order consolidating the two actions, and failing in that for an order that the cases be tried together. The magistrate refused to consolidate the actions, no doubt founding his decision upon the principle that there can be no consolidation of independent actions at law where the parties are not the same, though a different rule prevails in cases involving equitable jurisdiction. *Schuler v. Swift & Co.,* 183 S. C., 140, 190 S. E., 447.

Over the objection of the defendant the magistrate ordered that the two cases be tried at the same time. From this order an appeal was taken to the Court of Common Pleas, and was heard by Honorable Philip H. Stoll, Judge of the Third Circuit. He passed an order, dated September 5, 1942, in which he affirmed the decision of the magistrate.

The appeal to this Court is by the defendant, and in its two exceptions it contends that his Honor was in error in holding that the magistrate could legally "consolidate for trial" two independent actions at law and order that they be tried together.

There is a marked distinction between an actual con-▌▌ solidation, and an order that cases merely be tried together for convenience. The latter is often spoken of as a "consolidation for trial," though it is not a consolidaion in the strict meaning of that term. In an actual consolidation the "several actions are combined into one and lose their separate identity and become a single action in which a single judgment is rendered." 1 C. J. S., Actions, § 107, p. 1341.

"The effect of a consolidation of actions at law is to unite and merge all of the different actions consolidated into a single action for the purpose of all further proceedings the

same as if the different causes of action involved had origi-
nally been joined in a single action." 1 C. J. S., Actions,
§ 113, p. 1371.

Where actions are simply tried together for con-
venience, without an actual consolidation, the order
"does not merge the several actions into one; each
case retains its distinctive characteristics and remains sepa-
rate in respect of docket entries, * * * * verdicts, findings,
judgments, proceedings to obtain an appellate review, and
all other matters except the one of joint trial." 64 C. J., 37.

This distinction was clearly observed by the magistrate
and by the Circuit Judge. The question of actual consolida-
tion is not involved in this appeal. The only question be-
fore us is, Where formal consolidation of two causes of
action is refused, may they be ordered to be tried together
over the objection of a party?

In the case of *Bogan v. Sprott,* 37 S. C., 605, 16 S. E.,
35, two separate cases, each by a different plaintiff against
the same defendant, were tried together. The Court said:
"Each party owned his little account, and brought his own
individual action for it. The cases were tried together merely
as a matter of convenience. The cases were not thereby
consolidated, but still preserved their identity."

It does not appear that the defendant made any objec-
tion to the trial of the two cases together.

Three separate actions by different plaintiffs against the
same defendant were tried together in the Magistrate's
Court in the case of *Baker v. Irvine,* 62 S. C., 293, 40 S. E.,
672, 673, and *Id.,* 64 S. C., 430, 42 S. E., 194. In the opin-
ion of this Court on the second appeal it was said: "The
circuit court held, as a matter of fact, that the three cases
were never consolidated, and in law could not have been
consolidated, and that separate judgments were rendered
in each case by the magistrate, by the circuit court, and by
the supreme court. 62 S. C., 293, 40 S. E., 672. This being
so, the fact that, for sake of convenience, the cases were

heard together, and the papers were entitled as above, would not constitute the three cases one in fact."

It will be noted in the opinion on the first appeal that the report of the magistrate states: "On that day the cases were again called, and by consent of counsel were all taken up together."

In the case of *Ford v. New York Life Insurance Company*, 180 S. C., 390, 185 S. E., 914, 917, after pointing out the distinction between cases which may be fully consolidated and those which are tried together for convenience, the Court said: "The cases then became one, and do not belong in that category of cases illustrated by the Bogan, the Baker, and the Bishop [*Bishop v. Bishop*, 164 S. C., 493, 162 S. E., 756] cases, above referred to, where there could be no enforced consolidation, but, on the contrary, where the cases could be united only by consent and for convenience."

In addition to what was said in those cases with reference to consent, the point in question, we think, is quite definitely concluded against the respondents by the holding of this Court in the case of *Shuler v. Swift & Co., supra,* where it was said: "It is claimed by the respondent that there was no formal consolidation of the two cases, but that they were merely ordered tried together. In its brief the respondent concedes that in actions at law there can be no technical consolidation unless the parties are identical. But it is argued that frequently cases with different plaintiffs, against a common defendant, are tried together without a formal consolidation. While it is true that this method of trial has often been followed in our practice, yet it has been pursued only with the consent of the parties. In such cases no enforced consolidation has been allowed."

It is our opinion that the Circuit Judge was in error in affirming the order of the magistrate which, after refusing a consolidation, ordered the two cases tried together over the objection of the defendant. We think that

where cases are such that they can not be formally consolidated, or where actual consolidation is refused, they may be tried together only by consent; and that it is not a matter resting in discretion, as in cases of real consolidation.

While it is true that such actions as these may be tried together by consent and with the approval of the Court; and while actions which may properly be united may be formally consolidated over the objection of a pary and in the discretion of the Court; we do not think that cases which can not be actually consolidated or in which, as here, consolidation has been expressly refused, may be tried together without the consent of the parties.

The judgment of the Circuit Court is accordingly reversed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES, and CIRCUIT JUDGE L. D. LIDE, ACTING ASSOCIATE JUSTICE, concur.