0151

HOFFMAN-HOFFMAN, Respondent, v. S & K SYSTEMS and
Jesse E. Cooper, Appellants.

(315 S. E. (2d) 169)

Court of Appeals

*Kelly & Steigner,* Columbia, *for appellants.*

*Jerrie J. Mealing,* Columbia, *for respondent.*

April 13, 1984.

CURETON, Judge:

This matter came before the circuit court on motion of
appellant Cooper to vacate judgments entered against him in
Richland County Magistrate's Court from which he failed to
timely appeal.

Cooper, a resident of Lexington County, and S & K Systems,
a corporation whose office is in Richland County, were sued in

Richland County Magistrate's Court for debts incurred by the corporation. It is undisputed that when Cooper appeared before the Magistrate on August 16, 1978, he announced that he appeared only in his capacity as president of S & K Systems and not individually. The magistrate entered joint judgments against S & K Systems and Cooper, individually. Cooper's attempt on September 6, 1978, to appeal the magistrate's finding of individual liability was untimely.

Pursuant to Cooper's motion to vacate the judgments, the circuit court held a hearing on April 29, 1981. Apparently Cooper asserted before the circuit court, as he does on appeal, that the judgments should be vacated because the magistrate lacked jurisdiction to enter the judgments against a nonresident.[1] Cooper also apparently sought to have the judgments opened to allow him to perfect his appeal to the circuit court, citing mistake, inadvertence and excusable neglect. The circuit court denied the motion. It found instead that the magistrate had proper jurisdiction over Cooper and that the judgments should stand.

The questions argued before this Court are whether the Magistrate of Richland County had jurisdiction to issue valid judgments against Cooper, a resident of Lexington County, and if not whether Cooper waived his right to complain about the Magistrate's lack of jurisdiction. We find Cooper waived his right to complain by his failure to timely appeal the Magistrate's judgments.

We recognize that there is some decisional law which declares that a magistrate lacks subject matter jurisdiction over a nonresident of the county in which he sits, and that subject matter jurisdiction generally may not be waived. *See, e.g., Nixon and Danforth v. Piedmont Mutual Insurance Co.,* 74 S. C. 438, 54 S. E. 657 (1906). Other cases seem to hold that the magistrate's jurisdiction over a nonresident relates to personal jurisdiction, and is waivable. *See, e.g., Baker v. Irvine,* 62 S. C. 293, 40 S. E. 672 (1902). We need not resolve the

---

[1] We say "apparently" because the Record is unclear and Cooper's motion is inartfully drawn. We also note that Cooper's only Exception violates Supreme Court Rule 4 in that it does not assign an error. Additionally, the one Exception attempts to raise two issues although neither of the two Questions expressly refers to the Exception as required by the Rules.

conflict, however, since the result reached by us is not dependent upon the characterization of the magistrate's jurisdiction.

In the case of *Dunlap & Dunlap v. Zimmerman,* 188 S. C. 322, 199 S. E. 296 (1938), our Supreme Court addressed the question of waiver of objection to subject matter jurisdiction by failure to appeal. There the court said:

> Appellants argue, however, that the question of the Court's jurisdiction of the subject-matter may not be lost, but may be raised at any time and place. This principle, of course, is firmly settled in this State, but it is not applicable in this appeal. The question of jurisdiction may be raised once, but when the issue has been decided adversely to a party he cannot continue to raise it, in different stages of the trial. His remedy is to preserve his exception in the first instance, and his failure to do so forecloses the right to again raise it.

*Id.* at 329, 199 S. E. at 299. In accord with the above proposition of law is the case of *Nix v. Mercury Motor Express, Inc.,* 270 S. C. 477, 242 S. E. (2d) 683 (1978).

We therefore find that having raised the jurisdictional question at trial and having received an adverse ruling, Cooper waived his right to complain about jurisdiction when he failed to appeal the magistrate's judgments. This is true whether the jurisdiction related to the person or the subject matter.

Cooper also apparently argues on appeal that the trial court should be reversed because its finding that Cooper was personally liable for the debts represented by the judgments is not supported by the evidence.

The question of whether Cooper is personally liable for the debts represented by the judgments is clearly not jurisdictional and cannot be raised for the first time on appeal unless raised to support a claim of meritorious defense asserted in the motion to set aside the judgment. We agree with the circuit court that mistake, inadvertence and excusable neglect have not been shown. Thus, there was no abuse of discretion by the circuit court in refusing to vacate the judgments. Accordingly, the order of the circuit court is

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.