CHAFEE v. POSTAL TELEGRAPH COMPANY.

1. JURISDICTION—FOREIGN CORPORATIONS—APPEARANCE.—The Court of Common Pleas is a court of general jurisdiction, but has jurisdiction of actions against foreign corporations only so far as has been prescribed by statute. Where, however, a foreign corporation appears generally to an action in such court and answers on the merits, it thereby submits itself to the jurisdiction of the court.

2. THIS CASE DISTINGUISHED from Hester v. Rasin Fertilizer Company, 33 S. C., 609.

3. JURISDICTION—FOREIGN CORPORATIONS.—The Court of Common Pleas being a court of general jurisdiction, but limited by statute as to certain causes, its jurisdiction will be presumed as to those causes where it does not appear to the court that the special jurisdictional facts are wanting. Therefore where a plaintiff, if a resident of this State, may sue a foreign corporation in that court, it will not be held after appearance and answer by defendant that the complaint, by omitting to state plaintiff's residence, fails to show that the court has jurisdiction of the action.

4. IBID.—AMENDMENT.—If the complaint had been defective in failing to allege that plaintiff was a resident of this State, an amendment making such allegation should be permitted.

5. DEMURRER NOT PASSED UPON in the court below, is not properly before this court for consideration, though made in the lower court and urged in support of the judgment appealed from.

6. COMPLAINT.—This court declines to hold that the complaint in this action for injury done by defendant, a bailee for hire, to the mules and horses of plaintiff, did not sufficiently state the facts which would constitute a cause of action.

Before IZLAR, J., Aiken, April, 1891.

Action by R. A. Chafee against the Postal Telegraph Company. The opinion fully states the case.

*Messrs. Croft & Chafee* and *Henry Brodhead*, for appellant.

This case will turn upon the construction placed by the court on sections 165 and 423 of the Code of Procedure. It does not appear on the face of the complaint of what State the plaintiff is a resident, nor does it appear where the cause of action arose. Section 165 can only apply to the defendant—that it is not subject to the jurisdiction. But the defendant can be sued under section 423, and it has been sued and has answered, and it does not appear on the face of the complaint that the facts surrounding this cause are such as would deprive the court of jurisdiction. 5 How. Pr., 96. A demurrer is only appropriate when the ground of demurrer is apparent on the face of the complaint. Voorh. Code, p. 205, note e; 8 How. Pr., 177; 6 Abb., 6; 4 E. D. Smith, 675; 31 Barb., 339; 8 Abb., 384; 10 *Id.*, 296; 19 How. Pr., 399; 31 Barb., 339. Matters of defence not appear-

ing on the face of the complaint must be taken by answer. Code, § 168; Voorh. Code, 209, notes e and f; 31 Barb., 132; 33 *Id.*, 527; 1 Duer, 707; 37 N. Y., 648; 8 Abb., 391; 97 U. S., 649; 19 N. Y. Civ. Pro. R., 55; 18 *Id.*, 403; 20 *Id.*, 95; 93 N. Y., 54.

Nothing shall be intended to be without the jurisdiction of a superior court, but that which especially appears to be so. Brown Jurisd., 54, 60–63; 16 Cal., 434; 8 Barb., 541; 5 How. Pr., 96; 2 Til. & Sh. Prac., 124; 34 Cal., 321; 8 Abb., 284; 18 How. Pr., 416; 1 Duer, 707. It does not appear from the face of the complaint of what State the plaintiff was a resident, nor where the cause of action arose. These facts, if stated, might have been such as to give jurisdiction. The defendant, knowing these facts, appeared and pleaded, and therefore they cannot now raise the question of jurisdiction. 30 Hun, 48; 84 N. Y., 52; 49 *Id.*, 303; 32 S. C., 319. In courts of strictly limited jurisdiction, like the Circuit Courts of the United States, the rule is the reverse. There the jurisdictional facts must appear on the face of the record. Cases under the attachment law do not apply. Everything there is *strictissimi juris*, and nothing by intendment.

The Circuit Judge had power to grant the amendment and should have allowed it. 16 How. Pr., 292; 27 *Id.*, 52; 7 *Id.*, 294; 1 Duer, 632; 42 Barb., 177; 53 *Id.*, 525; 14 Abb., 36; 3 *Id.*, 86; 26 S. C., 422; 19 *Id.*, 566; 18 *Id.*, 315; Code, § 194; 27 S. C., 96. It is allowed even in the courts of the United States whose jurisdiction is limited. 97 U. S., 650; 19 Wall., 81; 7 U. S. Sup. Ct. Rep., 277.

*Messrs. Henderson Bros.* and *Mordecai & Gadsden,* contra.

A corporation has no legal existence beyond the sovereignty that created it. 13 Peters, 588; 1 Black, 286. And can be brought into the courts of this State only by virtue of statutory provision (14 Conn., 301; 10 Minn., 386), or voluntary appearance. 4 How., 276; 63 N. Y., 116. As to foreign corporations, the jurisdiction of the Common Pleas is special and limited. Code, § 423. Therefore, there being no other jurisdiction of actions against foreign corporations, and the facts to give the court jurisdiction not appearing on the face of the complaint, it was

properly dismissed.   9 Wall., 560; 30 Barb., 157; 18 How.,
220, 416; 8 Abb., 285; 32 S. C., 337; 33 *Id.*, 609.   The
defendant appeared here to test the question of jurisdiction, and
did not submit itself to the jurisdiction of the court.   12 Abb.,
335; 49 N. Y., 303.   The amendment was properly refused.
18 S. C., 315; Pom. Rem., § 566; 15 Atl. Rep., 339; 17 *Id.*,
172.

February 27, 1892. The opinion of the court was delivered by
MR. JUSTICE POPE.   On the 21st May, 1890, in the Court of
Common Pleas for Aiken County, the plaintiff (who is appellant
here) began his action against the defendant (who is respondent
here) by the service of a summons and complaint on an agent of
the defendant at Aiken, but because of the error in the complaint,
where it alleged that the defendant was a corporation under the
laws of the United States, when in fact it was a body corporate
and politic under the laws of the State of New York, the plain-
tiff served an amended complaint, correcting by its allegation
the aforesaid error and being in all other respects similar to the
original complaint.   The following is a copy of the amended
complaint, namely :

"The amended complaint of the above named plaintiff respect-
fully shows unto this court: 1. That the defendants are a body
corporate and politic under and by the laws of the State of New
York.   2. That on the first day of March, 1890, the plaintiff
hired to the defendants two mules, two wagons, and three horses
for a valuable consideration, the defendants on their part to feed
well and give good care and attention to said mules and horses,
and to work the same in moderation and with prudence.   3. That
the defendants did receive said property under said contract into
their possession on the 1st day of March, 1890, and used one of
said wagons and said horses until the 19th day of March, 1890,
and did use the other wagon and the said two mules until the
23rd day of March, 1890.   4. The plaintiff further complaining
of the defendants, alleges that while said mules and the two
horses which were worked to said wagon were in the possession
of the said defendants, they did, in violation of their said agree-
ment and in disregard of the plaintiff's rights, overwork, strain,

abuse, and neglect to feed well and to give proper care and attention to said mules and horses, whereby they were.allowed to become poor and depleted, bruised and scarred, and thereby greatly injuring said stock to the damage of this plaintiff in the sum of two hundred dollars. Wherefore the plaintiff demands judgment against the defendants for the sum of two hundred dollars and the costs of this action."

The amended answer is as follows: "The defendants herein answering the complaint, say: 1st. That they admit the allegations in paragraph 1 of the complaint. 2. That they deny each and every other allegation of the complaint as stated, and demand strict proof of the same. Wherefore the defendants demand judgment that the complaint be dismissed with costs."

The action was docketed for trial at the September term, 1890, but not being reached, was continued. It was called for trial on 27th April, 1891. As soon as the complaint was read, an oral demurrer was interposed thereto, "that the complaint did not state facts sufficient to constitute a cause of action, and that it appeared upon the face of the complaint that the court was without jurisdiction." Judge Izlar, before whom the demurrer was argued, made the following order: "This cause came on to be heard. The amended complaint having been heard, the defendant interposed an oral demurrer to the jurisdiction of the court, and moved to dismiss the amended complaint on the ground that it appeared upon the face of such amended complaint that this court was without jurisdiction. It appears from the face of the complaint that the defendant is a corporation created by and under the laws of the State of New York, and it nowhere appears thereon that the plaintiff is a resident of this State, or that the cause of action [arose] therein, or that the subject of the action is situated within this State. Clearly this court is absolutely without any jurisdiction in this case. Therefore, after hearing counsel, it is ordered, that the amended complaint be, and is hereby, dismissed with costs. The plaintiff moves to amend his amended complaint by inserting therein the necessary jurisdictional facts. This motion must be refused, because having already held that this court is without jurisdiction, it can grant no

order of amendment, or by such amendment authorize substantially a new cause of action.''

Judgment being entered up by defendants, the plaintiff appeals therefrom to this court on the following grounds : 1. Because it does not appear on the face of the complaint that the court is without jurisdiction. 2. Because the demurrer to the jurisdiction of the court only lies where it appears on the face of the complaint that the court is without jurisdiction of the person of the defendant, or the subject of the action, and it does not lie as to the person of the plaintiff, and his honor. the presiding judge, erred in not so deciding. 3. Because the Court of Common Pleas being a court of general jurisdiction, no case is without its jurisdiction, unless it appears to be so affirmatively by allegations contained in the complaint, and the record being silent as to the place of residence of the plaintiff, the presumption would lie in favor of the jurisdiction until the facts as proven show the contrary, and his honor, the Circuit Judge, erred in not so holding. 4. That the Circuit Judge erred in holding that he did not have the power to grant the amendment asked for. 5. That the amendment asked for by the plaintiff was in the interest of right and justice, and his honor, the Circuit Judge, erred in not allowing the same.

The defendants, respondents, after the notice of appeal, gave notice that they would contend in the Supreme Court that the judge ought to have sustained the demurrer on the ground also that the complaint did not state facts sufficient to constitute a cause of action.

It seems to us that the exceptions resolve themselves into three propositions : *First.* Was the question of jurisdiction erroneously decided by the court below ? *Second.* If the question of jurisdiction was not erroneously decided by the court below, did the Circuit Judge err in refusing the plaintiff's request to amend his complaint by an allegation curing the jurisdictional defect? *Third.* If the decision of the Circuit Judge of the two previous questions is overruled here, could his order dismissing the complaint be supported by the failure of the complaint to state facts sufficient to constitute a cause of action ?

First. The question of jurisdiction may be raised at any stage

of the action, and having been raised here, it presents a matter that is novel, at least in this State. This court has been very much assisted by the vigor and ability of the counsel for the respective parties shown in their arguments. That the Courts of Common Pleas in this State, as fixed by law, are possessed of general jurisdiction, is admitted, and in all causes of action, except such as are committed to the Courts of Probate, trial justices' courts, municipal courts, and such other inferior courts as may be established by the legislative will, and as between natural persons, such jurisdiction exists; but the rule of law that exists in all countries is that corporations are subject alone to the jurisdiction of the courts of that State or nation that calls them into existence, except a different rule is created by law. In this State our statutes have confided to our Courts of Common Pleas jurisdiction to hear and determine controversies between private parties and corporations that were created by or under the laws of any other State or nation in the following cases: 1. By any resident of this State for any cause of action. 2. By a plaintiff not a resident of this State, where the cause of action shall have arisen, *or* the subject of the action shall be located within this State (section 423 of our Code).

As every action must be begun by the service of a summons therein, it is provided that such service may be made upon a foreign corporation only when it has property within this State, or the cause of action arose therein, or when such service shall be made in this State personally upon the president, cashier, treasurer, attorney, or secretary, or any resident agent thereof (subdivision 1 of section 155 of our Code, as amended in 19 Statutes at Large, 837). In the case at bar, service was made of the summons by the service thereof upon an agent at Aiken, and thereafter the defendant foreign corporation appeared and made answer as to the merits of the action. Just here we may remark, that if plaintiff can be adjudged to be entitled to bring this action, the defendant is bound, for the Court of Common Pleas acquired jurisdiction over such corporation as a party by its coming into court and submitting itself to such jurisdiction by answering the action as to its merits. It might have made an appearance for the purpose of testing the sufficiency of the service of

the summons, and still the court would not have necessarily acquired jurisdiction generally, but it did no such thing.    Still, as we before remarked, this jurisdiction of the court could not be said to be fixed, unless the plaintiff was entitled to maintain *his status* in court.  Here is the ground of distinction between case at bar and that of *Hester* v. *Rasin Fertilizer Company*, 33 S. C., 609.  In the latter case, the defendant, a foreign corporation, appeared only to test the service upon one D. L. Roberts as "the resident agent thereof," and this court sustained the judgment of the court below that such service was not good.   In this case, however, the defendant foreign corporation is in court properly, but it assails the right of the plaintiff to be here.

Let us see, therefore, if the plaintiff is rightly here.   Clearly, where this question is made by the defendant, all the facts of the complaint are admitted, for the purposes of the discussion, to be true, and the position must be tested by the facts *on the face of the complaint*.   Of course, there is no allegation on the face of the complaint that the plaintiff is a resident of this State, and it is concerning this alleged failure of such allegation in this complaint the defendant finds fault.   As we before remarked, the defendant admits that the Court of Common Pleas is a court of general jurisdiction, so far as cases falling within its common law and equity jurisdiction are concerned, but it is contended that where such a court depends for its jurisdiction upon a special statute, that it thereby is rendered a court of limited or special jurisdiction, and is subjected to all the rules of law that apply to such tribunals.   We must lay down this as a principle of the law to be considered in these cases, namely, that there is a recognized difference between courts of general jurisdiction, who by statute acquire special or limited jurisdiction over a class of cases that did not fall within its general jurisdiction, and between courts that have only been created with special or limited jurisdictions.   In the first courts, when the special powers conferred are brought into action according to the course of the common law, that is, in the usual form of common law and chancery proceedings by regular process and personal service, &c , the same presumption of jurisdiction will attach as in cases falling

within the general jurisdiction; whereas in courts of special or limited jurisdiction such presumption will not arise. *Galpin* v. *Page*, 18 Wall., 371; *Harvey* v. *Tyler*, 2 *Id.*, 332; *Gervais* v. *Chicago, Rock Island &c. R. R. Co.*, 18 N. Y. Civil Procedure Reports, 404.

From this proposition of law it may follow, that although, under its general jurisdiction, the Court of Common Pleas had no jurisdiction of the controversy here and had to depend upon a statutory power therefor, that yet, by reason of its general jurisdiction, it would exercise the special power so conferred, with the same presumption of jurisdiction that would attach in cases falling within its general powers. It would seem to follow, therefore, that inasmuch as Courts of Common Pleas in this State could only acquire jurisdiction over foreign corporations in the modes pointed out and regulated by our statutes pertaining thereto, yet when once such foreign corporations were in court in pursuance of such powers, that all the presumptions of jurisdiction within its general powers would immediately attach, and one of these would be the presumption of jurisdiction over the plaintiff, a natural person, in an action brought within its general jurisdiction; for by law plaintiffs, where natural persons, have the right to exhibit actions without averring in the complaints exhibited by them that they are residents within the State. *Leonard* v. *Columbia Steam Nav. Co.*, 84 N. Y., 52; *McCormick* v. *Penn. Cent. R. R. Co.*, 49 *Id.*, 303; *Gervais* v. *Chicago, Rock Island &c. R. R. Co.*, 18 N. Y. Civil Procedure Reports, 404.

We are forced to conclude, therefore, that this complaint, while it did not on its face allege that the plaintiff was a resident of this State, was not faulty, and the Circuit Judge was in error in not so holding.

Second. From a careful consideration of a law, we are led to hold that even if the complaint had been faulty in the particular we have just discussed, yet it was competent and proper for the Circuit Judge to have allowed the amendment prayed for by the plaintiff, wherein he might by fit allegations cure the jurisdictional defect. It must be remembered that a cause of action was alleged in the complaint, no matter when the same originated, nor by what court cognizable, in favor

of this plaintiff against this defendant, and therefore any allegations, by way of amendment, to fix jurisdiction would have been a legitimate cause for amendment. *House* v. *Cooper*, 16 How. Pr., 292; *Robertson* v. *Cease*, 97 U. S., 649; *Morgan, ex'or*, v. *Gay*, 19 Wall., 81; *Sibley & Co.* v. *Young & Napier*, 26 S. C., 422.

Third. As the Circuit Judge did not pass upon the demurrer to the complaint for a failure to state facts sufficient to constitute a cause of action, we might very well decline to entertain this request at the hands of the respondent here, but we will say that after a careful study of the complaint, we do not feel warranted in deciding that there was such failure in the complaint.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and that the case be remanded.