## SMITH v. WALKE.

1. JURISDICTION—SUBMISSION.—A nonresident personally served in this State on a contract made in another State, submits himself and his contract to the jurisdiction of the courts of this State, by appearing and pleading, and going to trial on the merits.

2. PENDENCY OF ANOTHER ACTION.—The plea of another action pending cannot be sustained, where the prior action was dismissed for want of jurisdiction before this action was commenced, though the formal order of dismissal, and notice of appeal thereforom (which was abandoned), were of later date.

3. EVIDENCE—APPEAL.—The admission of immaterial testimony cannot furnish a ground for new trial.

4. AN EXCEPTION alleging error in a particular not supported by the appeal record, not considered.

Before WATTS, J., York, April, 1894.

Action by J. A. Smith against Kate G. Walke. The complaint sought judgment against the defendant for $250, "obtained from the plaintiff herein, at her special instance and request," at "Blacksburg, S. C." The defendant denied what was not specially admitted, and alleged "that the said contract

was made in Bessemer City, State of North Carolina;" that both plaintiff and defendant reside in North Carolina, and that another action is pending between the same parties in this court.

From a verdict for plaintiff, defendant appealed on the following grounds: 1. Because his honor erred in overruling the oral demurrer interposed by the defendant to the jurisdiction of the court, on the grounds that the plaintiff and defendant, at the time of the contract and at this time, were and are residents of North Carolina, and the action being on a simple contract debt, made in North Carolina, the suit should have been brought in the State of North Carolina. 2. Because his honor erred in ruling that the Court of Common Pleas for the county of York had jurisdiction of the parties to this action. 3. Because his honor erred in ruling that the Court of Common Pleas for the county of York, State of South Carolina, had jurisdiction of the subject of this action and the cause of this action. 3. Because his honor erred in refusing to dismiss this case, there being another action pending between the same parties to this action, and for the same cause of action. 5. Because his honor erred in allowing Mrs. Kate G. Walke to testify, on cross-examination, on the objection of the defendant, "That there was about $500 due on it. He agreed to pay $250 then, and on the 3d of July to pay the balance, and take a mortgage on the property and wait until October." 6. Because his honor erred in proceeding with the trial of this cause, and failing and refusing to stay the same, after oral notice of appeal from order overruling the oral demurrer interposed by the defendant to the jurisdiction of the court.

*Messrs. W. B. DeLoach* and *D. E. Finley*, for appellant.

*Messrs. N. W. Hardin* and *G. W. S. Hart*, contra.

March 25, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY. This action was commenced on the 11th day of November, 1893, by summons and complaint personally served on the defendant, in Yorkville, S. C. The action was upon a demand for $250, alleged to have been loaned to

defendant by plaintiff, at Bessemer City, in the State of North
Carolina, where both parties to the transaction resided, on the
3d day of April, 1893, the date of the alleged loan.   At the
hearing, the defendant's attorney moved to dismiss the action,
on the grounds that the plaintiff and defendant, at the time of
the contract as to the loan, and at the time of the trial, were
residents of the State of North Carolina, and the action being
on a simple contract debt, the suit should have been brought
in the State of North Carolina.   The motion was overruled,
and exception duly taken.   The presiding judge, in his charge
to the jury, reiterated his ruling in overruling defendant's
motion, and from said ruling defendant appeals.

Prior to the commencement of this action, to wit: on the
day of July, 1893, an action was commenced by the plaintiff
against the defendant for the same cause of action as is herein
mentioned.   It seems that when the first action came on for
trial before his honor, Judge Ernest Gary, and a jury, on the
11th day of November, 1893, the defendant interposed an oral
demurrer to the jurisdiction of the court, and that the presid-
ing judge orally sustained the demurrer, and discharged the
jury that had been empanelled to try the action.   The formal
order sustaining the demurrer, however, was not signed by his
honor, Judge Gary, until the 14th day of November, 1893.
The present action was commenced on the 11th day of Novem-
ber, after the jury had been discharged as aforesaid.   The
plaintiff gave notice of appeal from the order of Judge Gary,
but failed to perfect the same.[1]

The jury rendered a verdict for the plaintiff for two hundred
and fifty dollars, and judgment was entered thereon.   The de-
fendant appealed, on exceptions which will be set out in the
report of the case.

The first, second, and third exceptions relate to the question
of the jurisdiction, and will be considered together.   A copy
of the summons and complaint was served on the defend-
ant at Yorkville, in this State; the defendant answered
the complaint generally, and put in issue the merits of
the case; appeared at the trial; offered testimony, and went

---

[1] Gave notice of withdrawal of his appeal.—REPORTER.

before the jury upon the merits of the case. She unquestionably subjected herself to the jurisdiction of the court, and these exceptions are overruled. See the case just filed, of *Ex parte The Perry Stove Co. in re Phillips & Buttorff Mfg. Co.* v. *Ray*, *ante*, 176.

The fourth exception relates to the pendency of another action. At the time this action was commenced, Judge Gary had orally sustained the plea to the jurisdiction of the court, although the formal order was signed afterwards. Although an appeal was taken from such order, which the plaintiff failed to perfect, it can have no effect in determining this question. See *Trimmier* v. *Trail*, 2 Bail., 483. The order of Judge Gary showed that the court did not have *jurisdiction*. Under these circumstances it can not be said that there was another action pending. This exception is overruled.

The testimony mentioned in exception 5 was wholly immaterial, and this exception is overruled.

It does not appear in the "Case" that the defendant gave the notice of appeal mentioned in the sixth exception, and it cannot be considered. It is, likewise, overruled.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE McIVER. I concur. I may add, however, that it does not appear from the "Case" as prepared for argument here that any motion was made to dismiss the complaint upon the ground that there was another action pending, nor does it appear that Judge Watts was either requested to charge or did charge the jury upon that point, and hence that question is not properly before us.