## BEST v. SEABOARD AIR LINE RY.

1. FOREIGN CORPORATIONS—JURISDICTION.—A MAGISTRATE who has juris-
diction of the subject of an action by a resident may acquire juris-
diction of a foreign corporation having property in this State by
service of summons according to the provisions of the Code of Pro-
cedure.

Chafee v. Postal Tel. Co., 35 S. C., 372, distinguished from this case.

MR. JUSTICE GARY thinks the defendant is estopped from saying it is a
foreign corporation, and it has waived jurisdiction of its person by
appearing and demurring to the complaint on the merits.

2. COMMON CARRIER—FREIGHT.—A consignee of freight cannot recover
the penalty provided by act of 24 Statutes, 81, for failure to pay or
to refuse to pay for loss or damage to freight, after he accepts, after
time provided in the act, the amount claimed for loss of freight
before bringing action for penalty.

MR. JUSTICE GARY dissents.

Before GEO. E. PRINCE, special Judge, Barnwell, May,
1904.    Affirmed.

Action by C. A. Best against Seaboard Air Line Ry., in
magistrate court.    From Circuit order reversing magistrate
judgment, plaintiff appeals.

Messrs. Davis & Best, for appellant, cite: As to the ques-
tion of jurisdiction: Code of Proc., 423, 71, 156, 165; Code
1902, 1793.    As to recovery of penalty: 24 Stat., 81.

Mr. Robert Aldrich, contra, cites: As to the question of
jurisdiction: Code of Proc., 423; 35 S. C., 378; 58 S. C., 89.
As to the penalty: 24 Stat., 82.

October 20, 1905.    The opinion of the Court was deliv-
ered by

MR. JUSTICE JONES.    The plaintiff brought this action in
a court of magistrate, in Barnwell County, S. C., to recover
of defendant a penalty of $50, claimed under the act of 1903,
for failure to adjust and pay, within the time required by
that act, a claim of $4.40 for loss of a barrel of flour during

transportation.   The complaint further alleged that the defendant was a corporation under the laws of North Carolina and Virginia, with its line of railroad track through Barnwell County, and that the claim for loss had been paid by the defendant after the time required by the act, but before the commencement of the action for the penalty.   Defendant appeared in the magistrate court and demurred: (1) On the ground that the magistrate had no jurisdiction of an action against a foreign corporation; (2) that it appeared on the face of the complaint that the claim for loss or damage had been paid by defendant and received by the plaintiff, and that, therefore, no action for the penalty could be maintained. The magistrate overruled the demurrer and gave judgment in favor of the plaintiff for the penalty, $50.   On appeal to the Circuit Court raising the same questions, the Circuit Court set aside the judgment of the magistrate and dismissed the complaint, sustaining both grounds of the demurrer. The present appeal by plaintiff questions both these rulings.

1. By sec. 21, of art. V., of the Constitution, it is provided that "Magistrates shall have jurisdiction in such civil cases as the General Assembly may prescribe: *Provided,* Such jurisdiction shall not extend to cases where the value of property in controversy, or the amount claimed, exceeds one hundred dollars, or to cases where the title to real estate is in question, or to cases in chancery." The General Assembly, by section 71 of the Code of Civil Procedure, prescribed that magistrates shall have civil jurisdiction in: "3. An action for a penalty, fine or forfeiture, where the amount claimed or property does not exceed one hundred dollars."   This would seem to give magistrates jurisdiction in an action for a penalty not exceeding one hundred dollars against all defendants who may be subject to the process of that court, or who may voluntarily appear therein.

With respect to the service of the summons on a foreign corporation, it is provided in section 155 of the Code of Civil Procedure, that "such service can be made in respect

to a foreign corporation only when it has property within the State, or the cause of action arose therein, or where such service shall be made in this State personally upon the president, cashier, treasurer, attorney or secretary, or any agent thereof." It appears by the complaint that the defendant has property in this State, a line of railroad track extending through Barnwell County, in this State, and is engaged in the business of transporting freight to Ulmer, in Barnwell County, S. C., and has an agent there. Under our statutes, now appearing as section 1779, *et seq.,* volume 1, Civil Code, foreign corporations doing business in this State are made subject to the courts of this State, in all actions or suits arising out of the business or dealings of such corporation with any citizen or corporation within this State. This legislation is broad enough to subject foreign corporations to the jurisdiction of a magistrate, where the magistrate otherwise has jurisdiction of the cause of action, and the foreign corporation appears or is otherwise served with process according to law. By the act of 1898, 22 Stat., 698, sec. 156, Code of Civil Procedure, providing for service by publication (among other things), "where the defendant is a foreign corporation, has property within the State, or the cause of action arose therein," was so amended as to empower magistrates within their jurisdiction to order service by publication on absent defendants, in the same manner and to the same extent as authorized by sec. 156, to be done by the Circuit Court, or a Judge thereof, or the clerk of the Court of Common Pleas, the master or the probate judge. In this case, however, no question is involved as to the manner of service of process, as it appears on the record that the action was commenced by service of summons and complaint on the 24th day of November, 1903, and that defendant appeared and demurred not only to the jurisdiction of the magistrate, but to the complaint on its merits. In so far, therefore, as the question of jurisdiction over the person depends upon the service of process or appearance of defend-

31—72

ant, it is complete. *Garrett* v. *Herring Co.,* 69 S. C., 278, citing cases.

. It is contended that sec. 423, Code of Civil Procedure, limits jurisdiction over foreign corporations to the Circuit Court, in the cases therein specified. That section provides: "An action against a corporation created by or under the laws of any other State, government or country may be brought in the Circuit Court—

. "1. By any resident of this State for any cause of action.

. "2. By a plaintiff not a resident of this State, when the cause of action shall have arisen, or the subject of the action shall be situated, within this State." This section must be construed consistently with subsequent legislation of this State, subjecting foreign corporations doing business in this State to the jurisdiction of the Courts of this State. It will be observed that there are no words in the above section which show the intent that all actions against foreign corporations *must* be brought in the Circuit Court. It is not inconsistent with the legislation of the State, which in terms or by necessary implication gives jurisdiction to magistrates to entertain actions against such corporations doing business in this State, at the suit of citizens or corporations of this State arising out of such business, when the action is otherwise within the jurisdiction of the magistrate; for example, a magistrate has no jurisdiction when the amount exceeds one hundred dollars, when the title to real estate is involved, in equitable actions, and when the cause of action arose out of the State. But under this section the Circuit Court has jurisdiction of a suit by a resident against a foreign corporation in *any* cause of action, even when it arose out of the State. *Chafee* v. *Postal Telegraph Co.,* 35 S. C., 372, 14 S. E., 764. But under subdivision 2 of this section, the Circuit Court has jurisdiction to entertain a suit by a *non-resident* against a foreign corporation, when the cause of action arose in this State, or the subject of the action shall be situated within the State. It may be that a magistrate has no jurisdiction to entertain such a suit by a non-resident,

against a foreign corporation, but we are not called upon to consider that question, as it is not suggested that plaintiff is not a resident of this State, or that the complaint is defective for not alleging that plaintiff is a resident of this State. The case of *Chafee* v. *Postal Telegraph Co.,* 35 S. C., 372, 14 S. E., 764, has no real bearing upon the particular point involved in this case, as that case was decided in 1891, before the legislation of 1897 referred to, and the Court was not considering whether a magistrate had jurisdiction in a case like the present one; but the question there was whether in a suit against a foreign corporation in the Circuit Court a complaint was demurrable for failure to state that the plaintiff is a resident of this State. We, therefore, think the Circuit Court was in error in holding that the magistrate was without jurisdiction in this case.

We concur, however, in the view of the Circuit Court that under the act of. February 23, 1903, 24 Stat., 81, an action cannot be maintained for a penalty alone, after a settlement for loss or damage before suit. The statute being penal should receive such strict construction as would not defeat the obvious intent of the legislature. The act expressly provides: "Failure to adjust and pay such claim within the periods respectively herein prescribed, shall subject each common carrier so failing to a penalty of fifty dollars for each and every such failure, to be recovered by any consignee or consignees aggrieved, in any Court of competent jurisdiction: *Provided,* That unless such consignee or consignees *recover in such action* the full amount claimed, *no penalty shall be recovered,* but only the actual amount of loss or damage, with interest as aforesaid * * *." It seems that the plain meaning of the statute is to make recovery of the amount claimed in a Court of competent jurisdiction a condition precedent to a recovery of the penalty, as the statute expressly says that no penalty shall be recovered unless the consignee recover the full amount claimed in such action. The term "recover," when considered by itself, is not the usual or apt word to indicate a

voluntary payment or receipt of money for damages suffered, but ordinarily means the obtaining in a suit of the right to something by a verdict and judgment of a Court, and that this is the meaning in the present statute is manifest by the context—"recover in such action." The object of the statute was not to penalize the carrier for merely refusing to pay a claim within the time required, whether just or unjust, but the design was to bring about a reasonably prompt settlement of all proper claims, the penalty, in case of a recovery in a Court, operating as a deterrent of the carrier in refusing to settle just claims, and as compensation of the claimant for the trouble and expense of the suit which the carrier's unreasonable delay and refusal made necessary.

It is true, that the statute authorizes a suit for the penalty in the same action for the loss or damage, but that is very far from saying that the penalty is not dependent upon the recovery of the claim by action in Court. Doubtless the act provided for such a joinder mainly because the recovery of the penalty is dependent upon recovery at law of the claim.

The judgment of the Circuit Court is affirmed.

Mr. JUSTICE GARY, *dissenting.* This appeal raises two questions: First, was there error on the part of his Honor, the Circuit Judge, in ruling that the magistrate did not have jurisdiction, on the ground that the defendant was a foreign corporation; and second, was there error in his construction of the act of 1903? The action was commenced in a magistrate's court.

The complaint alleges: "First. That the defendant, the Seaboard Air Line Ry. Co., is a corporation duly created and existing under and by virtue of the laws of the States of North Carolina and Virginia, with its line of railroad track extending through the State of South Carolina, Barnwell County.

"Second. That on the 10th day of June, 1903, the plaintiff herein filed a claim with the agent of the defendant at Ulmer, S. C., for one barrel of flour, the same being four dollars

and forty cents ($4.40), lost in transit from Nashville, Tenn., to Ulmer, S. C., the said barrel of flour having been consigned along with other flour to the plaintiff herein, from the Liberty Mills, of Nashville, Tenn., and that on the 16th day of November, 1903, the defendant paid the said claim for the loss, to wit: $4.40, but the same was not paid or refused until long after ninety days had expired from the date the said claim for shortage was filed with the said agent."

The defendant filed the following demurrer: "The defendant company, by Robert Aldrich and J. O. Patterson, jr., its attorneys, demurs to the complaint herein, upon the following ground, that it does not state facts sufficient to constitute a cause of action, in this:

"1. That it appears upon the face of said complaint, that the defendant company is a corporation created and existing under and by virtue of the laws of the States of North Carolina and Virginia, and, therefore, is a foreign corporation, and a magistrate's court has no jurisdiction of actions against a foreign corporation.

"2. That it appears from the face of said complaint that the claim of $4.40 for the barrel of flour, alleged to have been lost, has been paid by the defendant company and received by the plaintiff.

"Wherefore, the defendant demands that the said complaint be dismissed with cost."

The magistrate overruled the demurrer and rendered judgment in favor of the plaintiff, whereupon the defendant appealed to the Circuit Court upon two exceptions, assigning error, in overruling the respective grounds of demurrer. His Honor, the presiding Judge, sustained both exceptions and reversed the judgment of the magistrate. The Circuit Judge based his ruling as to the first exception on section 423 of the Code, and the case of *Chafee* v. *Postal Tel. Co.,* 35 S. C., 372, 14 S. E., 764.

The following are the reasons assigned by him in sustaining the second exception: "The act of 1903 provides a pen-

alty of fifty dollars for failure to adjust and pay the claims referred to in the act, within the period named, but provides: 'That unless such consignee recover *in such action* the full amount claimed, no penalty shall be recovered.' This being a penal statute, it must be strictly construed, and the penalty provided for kept within the terms of the act; and the plaintiff having collected and received the amount of the claim prior to bringing his suit, he surrendered his cause of action for the penalty."

The assignments of error are as follows:

"1. That his Honor erred, it is respectfully submitted, in holding that a court of magistrate has no jurisdiction of an action against a foreign corporation.

"2. That his Honor erred, it is respectfully submitted, in holding that the claim of the plaintiff for property lost having been paid by the defendant and received by the plaintiff before the action was brought, the plaintiff could not maintain an action for the penalty."

We will first consider the question whether the Circuit Judge erred in ruling that the magistrate did not have jurisdiction of the defendant, on the ground that the defendant was a foreign corporation. It will be seen by reference to the acts of 1902, pages 1311, 1316, under the head of "Railroad Consolidations," that the defendant was chartered under and by virtue of the laws of the State of South Carolina, and is, therefore, a domestic corporation. Section 2055 of the Code of Laws, relative to suits against consolidated railroad companies, provides that "suits may be brought and maintained against such new companies, in any of the Courts of this State, for all causes of action in the same manner as against other railroad companies therein." Considering, however, that the Court cannot take judicial notice of the fact that the defendant is a domestic corporation, there are other reasons why the magistrate had jurisdiction.

Art. IX., sec. 8, of the Constitution, is as follows: "The General Assembly shall not grant to any foreign corporation

or association a license to build, operate or lease any railroad in this State; but in all cases where a railroad is to be built or operated, or is now being operated, in this State, and the same shall be partly in this State and partly in another State, or in other States, the owners or projectors thereof shall first become incorporated under the laws of this State; nor shall any foreign corporation or association lease or operate any railroad in this State, or purchase the same or any interest therein. Consolidation of any railroad lines and corporations in this State with others shall be allowed only where the consolidated company shall become a domestic corporation of this State. No general or special law shall ever be passed for the benefit of any foreign corporation operating a railroad under an existing license of this State, or under any existing lease, and no grant of any right or privilege and no exemption from any burden shall be made to any such foreign corporation, except upon the condition that the owners or stockholders thereof shall first organize a corporation in this State under the laws thereof, and shall thereafter operate and manage the same and the business thereof under said domestic charter."

Chapter XLIV. of the Code of Laws sets forth the conditions upon which foreign corporations are permitted to do business in this State. Section 1793 of said chapter provides that "When a foreign corporation complies with the provisions and requirements of this chapter, it shall *ipso facto* become a domestic corporation, and shall enjoy the rights and be subject to the liabilities of such domestic corporations; it may sue and be sued in the Courts of this State, and shall be subject to the jurisdiction of this State as fully as if it were originally created under the laws of the State of South Carolina." Section 1794 makes it unlawful for any foreign corporation to do business, or attempt to do business, in this State without first having complied with the requirements of said chapter, and provides a punishment for violation of said provisions.

It is true, the complaint alleges that the defendant is a

corporation, created under the laws of North Carolina and Virginia, but it likewise appears upon the face thereof, that the defendant is operating its railroad in Barnwell County, of this State. In 13 Enc. of Law, 895, it is said: "When a foreign corporation avails itself of the privilege of doing business in a State whose laws authorize it to be sued there, by service of process upon an agent, its assent to such service will be implied. It waives the right to object to the mode of service of process which the State laws authorize. The fact that it has not complied with a State law requiring it to appoint and designate an agent for service of process, is wholly immaterial. It is estopped by its actions from denying that it has complied with this requirement." Applying this principle to the case under consideration, the defendant is estopped from contending that it is not a domestic corporation, for if it is not a domestic corporation, then the operation of its railroad is unlawful. It would be against public policy to give effect to such contention. From the fact that the defendant is doing business in this State, the presumption arises that it has complied with the conditions upon which it was lawful for it to operate its railroad. 1 Elliott on Evidence, sec. 106 ; 22 Enc. of Law, 1280.

There is another reason why the magistrate had jurisdiction of the defendant. Jurisdiction is of two kinds—of the person, and of the subject matter. While jurisdiction as to the subject matter cannot be waived, the law is otherwise as to jurisdiction of the person. *Martin* v. *Fowler,* 51 S. C., 164, 28 S. E., 312 ; *Ex parte Hilton,* 64 S. C., 201, 41 S. E., 978. In the case under consideration, the question of jurisdiction related to the person. *Ex parte Perry Stove Co.,* 43 S. C., 186, 20 S. E., 980 ; *Smith* v. *Walke,* 43 S. C., 381, 21 S. E., 249 ; *Rosamond* v. *Earle,* 46 S. C., 9, 24 S. E., 44 ; *Bird* v. *Sullivan,* 58 S. C., 50, 36 S. E., 494 ; *Burckhalter* v. *Jones,* 58 S. C., 89, 36 S. E., 495 ; *Baker* v. *Irvine,* 62 S. C., 293, 40 S. E., 672 ; *Garrett* v. *Herring,* 69 S. C., 278. When the defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a

cause of action, for the reasons stated in the second ground of demurrer, it contested the case upon the *merits* to the extent of the sufficiency of the complaint. *Duke* v. *Postal Tel. Co.,* 71 S. C., 95. This was sufficient to subject the defendant to the jurisdiction of the Court. When the defendant raised the question of jurisdiction, it should have relied exclusively upon that objection, if it did not wish to become subject to the jurisdiction of the Court. *Garrett* v. *Herring,* 69 S. C., 278.

The first exception should be sustained.

We will next consider whether there was error on the part of the presiding Judge in ruling that the plaintiff could not maintain an action against the defendant, by reason of the fact that the claim for the lost property had been paid by the defendant, and received by the plaintiff, before the action was brought.

Sections 2 and 4 of the act of 1903, pages 81 and 82, are as follows: "Section 2. That every claim for loss of or damage to property, while in the possession of such common carrier, shall be adjusted and paid within forty days, in case of shipments wholly within this State, and within ninety days, in case of shipments from without this State, after the filing of such claim with the agent of such carrier at the point of destination of such shipment: *Provided,* That no such claim shall be filed until after the arrival of the shipment, or of some part thereof, at the point of destination, or until after the lapse of a reasonable time for the arrival thereof. In every case such common carrier shall be liable for the amount of such loss or damage, together with interest thereon from the date of the filing of the claim therefor until the payment thereof. Failure to adjust and pay such claim within the periods respective herein prescribed, shall subject each common carrier so failing to a penalty of fifty dollars, for each and every such failure, to be recovered by any consignee or consignees aggrieved, in any Court of competent jurisdiction: *Provided,* That unless such consignee or consignees recover in such action the full amount claimed, no

penalty shall be recovered, but only the actual amount of the loss or damage, with interest as aforesaid.

"Section 4. That causes of action for the recovery of the possession of the property shipped for loss or damage thereto and for the penalties herein provided for, may be united in the same complaint."

The proper construction of the act is that when a common carrier fails to adjust and pay the consignee's claim within the time specified by the act, it subjects itself to liability: 1st, for the amount of the loss or damage, together with interest thereon from the date of the filing of the claim therefor, until the payment thereof; 2d, for a penalty of fifty dollars for failure to adjust and pay the claim within the period prescribed by the statute, provided the consignee recovers the full amount claimed, whether in an action when necessary, or by voluntary payment on the part of the common carrier. *The mode of determining whether the consignee was entitled to recover the full amount of his claim, is a mere incident and not a condition precedent to his right to recover the penalty.* The adjustment and payment of the claim for loss of the property was not intended as satisfaction of the liability incurred as a penalty, nor did it have such effect by operation of law.

Section 4 of the act evidently contemplated the bringing of a separate action for the penalty. It seems to me that a contrary construction would sacrifice the spirit of the statute for the letter thereof, and enable a common carrier to defeat the manifest purpose of the act, after it had failed to adjust and pay the claim for loss or damage within the specified time, and when by its conduct it had shown that the consignee was entitled to the full amount claimed. The exception raising this question should be sustained.

For these reasons, I think the judgment of the Circuit Court should be reversed.

*The* CHIEF JUSTICE *did not participate in this opinion because of illness.*