### 6990

### MACON v. SOUTHERN RY.

CARRIER—FREIGHT—PENALTY.—The act, 24 Stat., 671, providing a penalty for delay in transportation of freight does not apply to loss of freight. An action under this statute cannot be maintained for penalty by consignee after accepting compensation for loss.

Before WATTS, J., Cherokee, November, 1907. Affirmed.

Action by Eli Macon against Southern Railway Company. From judgment reversing judgment of Magistrate L. T. Ligon, plaintiff appeals.

*Mr. N. W. Hardin,* for appellant.

*Mr. W. S. Hall, Jr.,* contra.

August 4, 1908.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   The plaintiff recovered judgment against defendant before a court of magistrate in Cherokee county for $70, as penalty for delayed shipment of freight under the act of 1904, 24 Stat., 671.   On appeal to the Circuit Court, Judge Watts reversed the judgment of the magistrate's court and dismissed the complaint.   The question presented by plaintiff's grounds of appeal to this Court is whether the action can be maintained under any view of the facts.

The undisputed facts are that on February 7, 1907, plaintiff delivered to the defendant corporation as a carrier of freight a lot of household goods, valued at $70, for transportation from Chester, S. C., to Blacksburg, S. C., a distance of forty miles, with request for prompt shipment, and received from defendant a bill of lading therefor.   The goods were never delivered.   Subsequently, plaintiff filed with defendant a claim for $58.73, for the loss of the goods, and on June 19, 1907, received from defendant $50, in full settlement of all claims on account of said loss.   On June 27, 1907, after this settlement, plaintiff brought this action for penalty to the extent of the alleged value of the goods.

That portion of sec. 2 of the act which is relevant is as follows: "Sec. 2. That any such company failing to comply with the provisions of this act, except for good and sufficient cause, the burden of proof of which shall be on the company so failing, shall be subject, in addition to the liabilities and

remedies now existing for unreasonable delay in the transportation of freight, to a penalty of five dollars per day for every day of delay in excess of the time hereinbefore limited, to be recovered by any consignee who may be injured in any way by such delay, or by the owner or holder of the bill of lading, in any court of competent jurisdiction: *Provided,* That the sum of the penalty recovered shall not exceed the value of the goods and the transportation charges thereon, etc."

This action was properly dismissed for two reasons.

1. The plaintiff, having received from the defendant satisfaction for total loss of the goods, was no longer such injured consignee or owner of the bill of lading as could maintain an action under the statute. *Best* v. *Ry.,* 72 S. C., 479, 52 S. E., 223, holds that action cannot be maintained for penalty alone under 24 Stat., 81, after receiving compensation for loss or damage to freight.

2. The statute relates to delay in transportation, as distinguished from loss of or damage to goods while in the possession of the carrier, hence has no application to the present case, which was a case of loss of goods. Being a penal statute, it must be construed strictly.

The judgment of the Circuit Court is affirmed.