## 8189

### MURCHISON v. ATLANTIC COAST LINE R. R. CO.

1. DISMISSING ACTION.—Where an action is dismissed without prejudice to plaintiff to serve and file a supplemental complaint within twenty days, the order is substantially complied with by service of such complaint within the limited time without filing, especially where the supplemental complaint was served several months before the motion to dismiss was made.

2. IBID.—JURISDICTION—WAIVER.—Where the defendant answers such complaint served on the merits without making any effort to ascertain if the complaint was filed, it submitted itself to the jurisdiction of the Court for trial on the merits and waived its right to move to dismiss, because not filed.

Before SHIPP, J., Marion, May, 1911. Reversed.

Action by Emma B. Murchison against Atlantic Coast Line Railway Company, in the matter of I. I. Fass, Jr., against same defendant. Plaintiff appeals.

*Messrs. Sellers & Moore,* for appellant. *Mr. Moore* cites: *Defendant waived its right to have complaint filed or to have same dismissed:* 2 Rich. 10; 31 S. C. 342; 33 S. C. 164; 49 S. C. 563; 55 S. C. 450.

*Mr. Henry Buck,* contra, cites: *Judge Dantzler's order is a final order:* 31 S. C. 432; 2 Bail. 606; 2 Rich. 10. *One Circuit Judge cannot modify an order of a preceding Judge:* 73 S. C. 579; 32 S. C. 57; 47 S. C. 547; 27 S. C. 171. *Judge Shipp could only enforce order of Judge Dantzler:* 30 S. C. 450. *Defendant did not waive its right to move to dismiss by answering:* 57 S. C. 264; 33 S. C. 161.

April 23, 1912. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This action was originally commenced between I. I. Fass, Jr., plaintiff, against Atlantic

Coast Line Railroad Company by service of summons and complaint on June 23, 1905. After issue joined, the case was docketed on Calendar 1 for trial. Before the cause came up for trial the plaintiff was adjudged a bankrupt, and a trustee was duly appointed who took charge of all of the assets of bankrupt's estate, including this claim, and under an order of bankrupt court this claim, which was to recover for negligent loss of goods and penalty, was sold to plaintiff, Emma B. Murchison. When the cause was called for trial at the regular term of Court in November, 1908, after Murchison became the purchaser, Mr. Sellers, attorney for Fass, the original plaintiff, asked his Honor, Judge Dantzler, the presiding Judge, for an order substituting Murchison, as the purchaser of said claim, as plaintiff in the action instead of Fass, the bankrupt. Judge Dantzler granted an order of November 16, 1908, dismissing the complaint and striking the case from the calendar, without prejudice to Murchison, to file and serve a supplemental complaint within twenty days from that date, and upon her failure to do so the said suit to be forthwith discontinued, and the right of action on the claim set out in the complaint be forever barred, with leave to the defendant to answer such supplemental complaint within twenty days from the service. The supplemental complaint was served on the defendant on December 2, 1908, within the twenty days allowed by the order of Judge Dantzler, but the supplemental complaint was not filed in the clerk's office for Marion county within the twenty days allowed by Judge Dantzler's order. The defendant duly served an answer to the supplemental complaint within twenty days, and also within that time served a notice to strike out certain parts of the complaint as irrelevant and redundant, and to make complaint more definite and to state separately the two causes of action alleged against the defendant. The case was docketed on October 25, 1909, on Calendar 1. On April 11, 1910, defendant's counsel served notice that he

would move on April 15, 1910, for an order striking the case from the calendar, on the ground the case had been dismissed by order of Judge Dantzler, plaintiff having failed to serve and file her supplemental complaint within the time therein directed. On May 24, 1911, at a regular term upon call of case for trial, Judge Shipp passed an order dismissing the action and striking the case from the calendar. Plaintiff appeals, and questions the correctness of his order.

We think Judge Shipp's order should be reversed. The serving of the supplemental complaint within the time allowed by the order of Judge Dantzler upon the defendant, was a substantial compliance of the terms of the order, even if plaintiff failed to file it in clerk's office within the time prescribed, but if it were not a compliance, the defendant neglected to insist on it and made no move at that time to dismiss on that ground, but answered the cause on its merits, and gave notice of the motion in reference to the pleadings in the cause. Nearly nine months passed before the cause was docketed for trial, and no motion made by defendant to dismiss. We find defendant answering on merits about December 18, 1908, and a motion to dismiss served April 11, 1910. To deprive the plaintiff of the right to have her cause heard on its merits under such circumstances, and to turn her out of Court upon such a strained technical construction of Judge Dantzler's order, would be violating the liberal spirit of the Code and result in injustice.

The defendant appeared and answered on the merits. The defendant is not taken by surprise. The defendant did not at the time it filed its answer make any effort to ascertain whether supplemental complaint had been filed in clerk's office, but by appearing and answering on merits it submitted itself to the jurisdiction of the Court for trial on merits, and waived its right to

make motion to dismiss. *Ex parte Perry Stove Co.,* 43 S. C. 186, 20 S. E. 980; *Smith* v. *Walke,* 43 S. C. 381, 21 S. E. 249; *Ruberg* v. *Brown,* 50 S. C. 400, 27 S. E. 873. Order appealed from reversed.