6845 ·

SANFORD v. SEABOARD AIR LINE RY.

1. CONSTITUTIONAL LAW.—THE PENALTY STATUTE, 24 STAT., 671, does
not violate the equality clause of the Federal Constitution, Sec. 1,
Art. XIV, or that of the State Constitution, Sec. 15 of Art. I.
Only so much of this statute as is inconsistent with the act, 25 Stat.,
490 (1907), is repealed thereby.

2. CARRIER—BILL OF LADING—ESTOPPEL.—When a carrier issues a bill of
lading for a car of freight then in possession of or to be delivered by
another carrier, it can not say it did not then have the freight, but
it was delivered later to it.

3. IBID.—IBID.—FREIGHT—PRESUMPTIONS.—The consignees in a bill of
lading are presumed to be the owners of the goods shipped and can
recover in case of damage to them.

4. IBID.—FREIGHT.—Per diem penalty statute commences to run from
the date of the bill of lading, whether goods are then in possession of
carrier or not; but Sundays should be excluded.

Before PRINCE, J., Richland, May, 1907.   Affirmed.

Action by W. H. Sanford and J. I. Sally against Sea-
board Air Line Railway.  From judgment · for plaintiffs,
defendant appeals.

Messrs. Lyles & McMahan and E. L. Craig, for appel-
lant.  Mr. Craig cites: Classification under act (24 St.,
671) is arbitrary: 63 S. C., 179; 73 S. C., 81.  Bill of lad-
ing is not conclusive, but may be explained: 6 Cyc., 421;
23 Ency., 983.  Charge was on facts: 78 S. C., 105; 76
S. C., 63; 48 S. C., 148.

Messrs. DePass & DePass and Jas. H. Fowles, Jr., contra,
cite: If acts of 1904, 671, is repealed by act of 1907, 490, in
this case the repeal violates the obligation of contracts:
38 S. C., 113; 13 Wall., 653; 4 Id.,535; 96 U. S., 601.  Act
of 1904 does not make arbitrary classification:  63 S. C.,
179; 165 U. S., 155; 38 S. C., 100, 291; 73 S. C., 81.
Doubts are solved in favor of constitutionality of statute:

Cool. Con. Lim., 216; 12 Wheat., 213; 94 U. S., 113; 4
Dall., 14; 155 U. S., 461; 73 S. C., 71; 75 S. C., 276.

April 3, 1908. The opinion of the Court was deliv-
ered by

MR. CHIEF JUSTICE POPE. This action was commenced
May 30, 1906, for the recovery of one hundred and eighty-
five dollars, and in the complaint therefor two causes of
action, one for fifty dollars, for the loss of two bags of
fertilizers and the expenses of re-sacking and for other
expenses incident to the injuries sustained to guano in the
course of shipment and the extra expense incurred by the
movement of such guano from the car, and the other for five
dollars a day, the statutory penalty for delay in the ship-
ment.

The defendant, in its answer, set up various defenses,
one of which was, although the bill of lading was dated Feb-
ruary 1, 1906, yet the car was delayed in its movement by
reason of the Southern Railway Company offering defective
cars for shipment of said fertilizer and the defendant did not
receive same until the 20th day of February, 1906, and
other defenses of that character, wherefore the defendant
denied that the plaintiff was entitled to recover from it.

The trial came on before Judge Prince and a jury on
May 10, 1907, and resulted in a verdict for the plaintiff for
the sum of one hundred and fifty and 45-100 dollars.

Testimony was offered to show that the bill of lading
was dated February 1, 1906, and was issued to the plain-
tiffs, W. H. Sandford and J. I. Sally, but the goods con-
signed did not reach the consignees until the 3rd day of
March, 1906. The statute regulating the shipment required
that five dollars be paid for each day of delay in the said
shipment and that any injuries to the property shipped
while the goods were in its possession should be paid by
the railway.

In his charge to the jury the Circuit Judge did not pass upon the question of constitutional law under the 14th amendment of the constitution of the United States, and also of Article I, Section 15, of the State Constitution, but the Circuit Judge held that the defendant, by its bill of lading, issued on February 1, 1906, was bound to stand by that date, and that the effort to place the responsibility for the delay of the shipment of said goods so that they did not reach their destination until March 3, 1906, owing to the action of the Southern Railway Company, would not release the defendant from its liability under its bill of lading dated February 1, 1906. And he submitted to the jury the question whether the plaintiff, J. I. Sally, was alone entitled to be considered as the owner of said fertilizers; the jury, as before stated, found a verdict for the plaintiff for one hundred and fifty 45-100 dollars. A motion for a new trial was made by the defendant on the ground that there was no evidence to show that the plaintiffs were the owners and that there was no evidence as to who paid for the hauling of the fertilizers, and there was no evidence as to for whose benefit the fertilizer was hauled; it also claimed in said motion that there was no evidence that the loss of fertilizer was due to the delay in shipment; it also claimed that it appeared from the evidence and admission of counsel that the purchase was made by J. I. Sally alone, and that he alone was the party in interest. The motion was overruled by the Circuit Judge. Thereupon the defendants appealed upon eleven exceptions.

We will consider these exceptions in their order.

In disposing of the first exception we hold that the Act of 1904, 24 Stat., 671, under which the penalty in this action is sought, was not in violation of Section 1, Article XIV, of the Constitution of the United States. This question has been a vexed one for years in both the United States Supreme Court and the State Courts. It is contended by the defendant that the statute in question

endeavors to make a classification of property in an arbitrary and unreasonable manner, and the equality clause is violated. There is no doubt that class legislation discriminating against some and for others is prohibited, but, upon reflection, such is not the case here, for this Court, in the case of *Simmons* v. *Telegraph Co.,* 63 S. C., 425, 430, 41 S. E., 521; 57 L. R. A., 607, has held: "The decisions of the United States Supreme Court establish that the legislature has power to make a classification of persons or property for public purposes, provided such classification is not arbitrary and bears reasonable relation to the purpose to be effectuated, and that the equality clause is not violated when all within the designated class are treated alike." This statute of 1904 treats all railroads alike; it is not arbitrary, but is reasonable. The reasoning employed by this Court in its decision of *Porter* v. *Railway Co.,* 63 S. C., 169, 41 S. E., 108, is full and complete and sustains the position thereafter taken in the first case quoted. We will not undertake to repeat the learning and authorities employed by the writers of these cases in support of the same; we content ourselves in announcing our conclusion with this slight reference to the authorities relied upon in their support. The same reason disposes of the reference respecting Article I, Section 15, of our own constitution. While the Circuit Judge did not make any reference to these law points raised by the defendants, yet our own Court, in the case of *Porter* v. *Railway Company, supra,* has held that where such an error was committed by the Circuit Judge in not meeting these constitutional questions, yet inasmuch as our own Court has sustained the statute, the issue being raised in the pleadings, it will be held that such a failure by the Circuit Judge will not be a cause for a reversal.

We do not hold that the Act of 1907, 25 Statute, 490, has repealed the Act of 1904, 24 Statute, 671, but hold that same operates as a repeal of clauses inconsistent with the Act of 1907.

This exception is therefore overruled.

Second. The Circuit Judge did not err when he refused to grant a new trial as to J. I. Sally being the sole owner of the shipment; the defendant itself had treated by its bill of lading the property as that of both the plaintiffs, W. H. Sandford and J. I. Sally, and there was testimony in corroboration of the fact alleged in the bill of lading as to the ownership; such an issue ought not to have been decided by the Circuit Judge and should have been left to the solution of the jury. It is true that in the course of the trial, inadvertently, the plaintiff's counsel had made an admission that J. I. Sally was the sole owner, but he asked permission to change such admission and the Circuit Judge granted it. This exception is overruled.

Third. The charge made by his Honor: "That the defendant is presumed to have known what it was doing when it accepted the car, and that it can not now be heard to say that it did not, through itself or its agents, have possession of the car at the time it issued its bill of lading," there was no mistake made in the reference thereto by the Circuit Judge, the bill of lading being in writing proved and admitted was the subject matter of the charge by the Circuit Judge, he having passed upon said written instrument; he but discharged his duty. This exception must be overruled.

Fourth. The Circuit Judge did not err when he said: "I charge you that the law presumes it (the car) was at that time in possession of the Southern Railway Company when they, the defendant, issued its bill of lading; that the Southern Railway Company at that moment became the agent as between the consignee of this shipment and the defendant company, and of the defendant company." An examination of the charge itself shows that the Circuit Judge treated the matter hypothetically and declared the law applicable to such hypothesis. There is no error in this; he merely pointed out to the jury the legal effect inci-

dent to such a hypothetical state of affairs. This exception is overruled.

Fifth. There was no error by the Circuit Judge in his charge that it is no defense for it, the defendant, to say that the car was in the Southern's hands at the time the defendant issued its bill of lading, and the Southern did not deliver it until a certain time. The Judge was not declaring the law applying to certain admitted facts; by the constitution it is made a Circuit Judge's duty to declare the law. This exception is overruled.

Sixth. It was no error by the Circuit Judge when he charged the jury: "That the presumption is that they (the goods) belonged to the people at that time to whom they were shipped; that the consignee is the owner in the absence of anything else to the contrary." This was a presumption that the ownership of the goods at that time was in the consignee; the bill of lading issued so declared and the presumption naturally follows such bill of lading. This exception is overruled.

Seventh. His Honor did not err when he charged, as requested by the plaintiffs' attorney: "The defendant is estopped from claiming that it had not received the car after it issued its bill of lading acknowledging the receipt of same, which bill of lading shows that the defendant received the car on February 1, 1906, which date of receipt is conclusive upon the defendant." "There is no testimony in this case to show that the bill of lading was misdated." There was no error here. When a similar state of facts was before this Court in the case of *Sally* v. *Railway Company*, 76 S. C., 173, the precise question arose, and it was answered as we do here. This exception is overruled.

Eighth. We do not think the Circuit Judge erred in charging, at plaintiffs' request: "If plaintiffs are shown to be consignees as owners or holders of the bill of lading they are to recover." The charge is again a

hypothetical one, and is not, as before stated, erroneous. This exception is overruled.

Ninth. The presiding Judge did not err when he refused defendant's request to charge: "In computing the time of delay for which, under the statute, the defendant may be liable, if any, you should count from the time that the shipment was actually received by defendant, or was within its control." We have already held that the Circuit Judge was right in construing the bill of lading to mean what upon its face the said bill of lading declared, and therefore there was no error here. This exception is overruled.

Tenth. It is evident that when the jury acted upon the case submitted to them they excluded the Sundays, which were included, the jury became possessed of the rulings of this Court in the case of *Sally* v. *Railway Company, supra,* and, therefore, did not include in their verdict such 4 days. There was no request from the defendants to charge the jury that Sundays should not be included; it is, therefore, not a point upon which the Circuit Judge was requested to charge, nor was there a request for a new trial on this account. This exception is overruled.

Eleventh. We do not think the Circuit Judge committed error in refusing defendant's motion for a new trial upon the grounds that the evidence was insufficient to support the verdict. An examination shows there was, and the same was submitted to the jury.

This exception is overruled.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES GARY and WOODS *concur in the result.*