7158

### FARRELL v. ATLANTIC COAST LINE R. R. CO.

1. PLEADINGS.—COMPLAINT IN MAGISTRATE COURT here plainly shows that plaintiff is suing for the *per diem* penalty for delay in transportation of freight as provided in 24 Stat., 671, and is sufficient under section 88 of Code of Procedure.

2. APPEAL—NEW TRIAL—MAGISTRATE.—Where a Circuit Judge is uncertain from the evidence before him on appeal from magistrate court whether the case made falls within a special statute and he thinks the facts can be made certain, he may remand case for new trial without giving judgment either way.

3. CONSTITUTIONAL LAW.—THE PENALTY STATUTE, 24 Stat., 671, does not violate the equality clause of the Federal Constitution.

Before MEMMINGER, J., Charleston, April, 1908. Affirmed.

Action by C. L. Farrell against Atlantic Coast Line R. R. Co. From circuit order remanding case to court of Magistrate J. W. Cummings for new trial, defendant appeals.

*Mr. Legare Walker,* for appellant, cites: *Complaint not sufficient:* 81 S. C., 167; 76 S. C., 173.

*Mr. E. J. Dennis* contra, oral argument.

April 9, 1909. The opinion of the Court was delieverd by

MR. JUSTICE JONES. In this action a magistrate court rendered judgment in favor of plaintiff against defendant for ninety dollars as penalty for delay in the transportation of freight under the Act of March 25, 1904, 24 Stat., 671-2. On the appeal of defendant the Circuit Court, Judge Memminger, reversed the judgment of the magistrate and remanded the case for a new trial. The defendant now appeals to this Court upon numerous exceptions to the rulings of the Circuit Court and his failure to dismiss the action.

1. It is contended that the demurrer to the complaint for insufficiency should have been sustained. The complaint, after stating that defendant is a corporation under the laws of Virginia and is a common carrier owning and operating the railroad known as the Atlantic Coast Line Railroad having its line and agents in Dorchester county, further alleges:

Third. "That on or about the sixth day of March, 1907, the plaintiff purchased and had consigned to him from the city of Charleston, in the county of Charleston and the State aforesaid, one hundred and ten sacks of kainit, as designated upon the bill of lading, etc., the words 'Prompt ship-

ment required' also appearing upon the said bill of lading, notice having been given that prompt shipment was desired and required to his place of business in the town of Harleyville, county of Dorchester and State aforesaid.

Fourth. "That about three weeks elapsed after the shipment before the said goods as aforesaid were located by the plaintiff, at which time it was discovered that the said goods had been negligently and carelessly taken by the defendant, its agents and servants, to Holly Hill, Berkeley county, South Carolina, another station on defendant's said line of railroad, and in utter disregard of the rights, etc., of the plaintiff, and in violation of the provisions of the South Carolina Legislature, 1904, at page 671, and allowed the said goods to remain at the said station for the time and period aforesaid.

"Wherefore, plaintiff demands judgment against the defendant company for the sum of ninety ($90) dollars penalty as provided for in the acts of the Legislature of South Carolina, 1904, at page 671, and for the costs of this action."

It is charged that the complaint did not state a cause of action for failure to allege, (a) that the shipment ever reached its destination, and the date of its arrival, (b) the distance from the shipping point to destination,. (c) the value of the shipment.

With respect to pleadings in a magistrate court, it is expressly provided in Section 88, Code of Procedure, that "Pleadings are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended." The complaint measures up to this requirement, as it plainly shows that plaintiff is suing for the *per diem* penalty for delay in the transportation of freight as provided in the Act of March 25, 1904. *Riggs* v. *Wilson*, 30 S. C., 175, 8 S. E., 848.

2. Appellant contends under several exceptions that the Circuit Court should have sustained its exception to the

refusal of the magistrate to grant a nonsuit and should have rendered judgment of dismissal in favor of defendant, because there was a total lack of testimony to show a delay in transportation penalized by the statute, but that on the contrary, plaintiff's own testimony showed a failure to deliver freight, or a lost shipment, not within the meaning of the statute, as declared in *Macon* v. *Southern Railway,* 81 S. C., 167, which held that the act, 24 Stat., 671, does not apply to loss of freight. In reference to this matter Judge Memminger held as follows:

"Upon those grounds of the appeal which raise the question that the act under which the penalty was sought and recovered applies only to *delayed* shipments, and not to shipments which were never delivered at all; being inclined to the opinion that those grounds are well taken but being unwilling to decide so important a question, except upon a clear state of facts found as to whether or not the shipment in this case was only delayed or never received at all; and the evidence here being somewhat doubtful on the point, I prefer sending the case back to the magistrate, in order that the testimony may be more definite and complete in that particular. So far as the testimony is reported here, the weight of it is that the shipment has never been delivered; but the plaintiff's attorney insisted at the hearing that as a matter of fact it was delivered and received by the plaintiff after it was located at Holly Hill, but more than eighteen days after it should have arrived at Harleyville, the true point of destination; and plaintiff does say at one place in his testimony that he was "kept out" of the shipment for eighteen days, implying that he received it after that time, and it seems probable that he would have received it after it was located. This would make a typical case of delay under the statute; but if it be true, as the weight of the testimony, as reported, shows, that he never has received the shipment it would be a case of lost shipment and defendant's position as to the contsruction of the statute

as applying only to delayed and not to lost shipments, if sustained, would prevail. As before stated, I would be inclined to sustain defendant's position hereupon, but do not wish to have the cause go off on this point and sustain the appeal and reverse the magistrate's judgment on this ground, when it may be a fact that plaintiff did get the shipment and the case is not one where this question of the construction of the statute would obtain. It is this sort of thing which brings the administration of the law into disrepute; and as the matter is susceptible of definite ascertainment, I shall direct a new trial and not render final judgment either way."

While the argument of appellant's counsel is very forceful on this point, we think it was within the discretion of Judge Memminger to grant a new trial instead of rendering final judgment for defendant, if he, in view of the whole testimony, was uncertain whether or not the case made fell within the statute. To the extent that the Court reversed the judgment of the magistrate the action was in favor of appellant and the granting of a new trial need not work injustice, as plaintiff will have to make out a case within the statute before he can recover.

3. The penalty statute, 24 Stat., 671, does not violate the equality clause of the Federal Constitution. *Sanford v. Seaboard Air Line Railway,* 79 S. C., 519, 61 S. E., 74; *McCutcheon* v. *Atlantic Coast Line R. R. Co.,* 81 S. C., 71.

Whether it violates the interstate commerce clause of the Federal Constitution does not properly arise, as the shipment in question was not interstate. *McCutcheon* v. *Atlantic Coast Line R. R. Co., supra.*

4. Error is assigned because the Circuit Court did not require the substitution of the trustee in bankruptcy of plaintiff alleged to have been adjudged a bankrupt after the rendition of the judgment by the magistrate. Judge Memminger held that upon the new trial to be had herein the

trustee in bankruptcy should move the magistrate to be joined or substituted as plaintiff and that the action should be continued by the said trustee on behalf of the creditors of said bankrupt. We see in this no ground for reversal. The foregoing views practically dispose of all the exceptions not withdrawn.

The judgment of the Circuit Court is affirmed.